## Clingerman
### v.
### The Nippert Co.
*[Cite as 3 AOA 117]*

*Case No. 89-CA-29*
*Delaware County, (5th)*
*Decided May 21, 1990*

*Robert A. Minor, Andrew C. Smith, James C. Becker, Vorys, Sater, Seymour & Pease, 52 East Gay Street, P.O. Box 1008, Columbus, OH 43216-1008, for Plaintiff-Appellant.*

*Gregory D. Rankin, Mary Barley-McBride, Lane, Alton & Horst, 175 South Third Street, Columbus, OH 43215, for Defendant-Appellee.*

HOFFMAN, P.J.

In this appeal from a summary judgment rendered by the Court of Common Pleas of Delaware County, plaintiff-appellant is Timothy Clingerman and defendant-appellee is the Nippert Co.

The case arose when Clingerman filed a complaint against Nippert on August 21, 1986, seeking damages for injuries received when he fell approximately twenty (20) feet onto a hard surface from an elevated platform while he was working in the course and scope of his employment with Nippert. His fall was occasioned by his employer's removal of a safety or guard railing on the side of the platform. A pre-trial was conducted on February 12, 1988, after which the court issued an entry postponing the trial until the Ohio Supreme Court decided the issue of the retroactivity of R.C. 4121.80 in *Kneisley v. Lattimer-Stevens Co.* (1988), 40 Ohio St. 3d 354, and *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St. 3d 100.

Following the issuance of the decisions in *Kneisley* and *Van Fossen, supra*, Nippert filed a motion for summary judgment on February 8, 1989. That motion was opposed by Clingerman by memorandum in opposition, supported by an affidavit, filed on March 24, 1989.

As stated *supra*, the trial court granted summary judgment in favor of defendant and in so doing issued a judgment entry filed July 20, 1989. (A copy of said entry is attached and made a part of this memorandum-opinion). Therein the court made the explicit finding that after construing the evidence most favorably in favor of plaintiff, reasonable minds could come to but one conclusion and that was that defendant-company "did not know that removal of the subject railing was substantially certain to cause injury ..." (Entry at 2).

Appellant raises the following sole assignment of error:

ASSIGNMENT OF ERROR NO. I.
"THE TRIAL COURT ERRED IN SUSTAIN-
ING DEFENDANT-APPELLEE'S MOTION
FOR SUMMARY JUDGMENT AND DISMISS-
ING PLAINTIFF-APPELLANT'S COM-
PLAINT BECAUSE A JURY COULD INFER
FROM THE FACTS PRESENTED THAT
PLAINTIFF-APPELLANT WAS INJURED AS
A RESULT OF HIS EMPLOYER'S COMMIS-
SION OF AN INTENTIONAL TORT."

The facts of the case *sub judice* are undisputed and the following rendition is adopted from appellant's brief at pages 2-3: "On December 3, 1985, Clingerman, was engaged in the course and scope of his employment with Nippert. Although Clingerman was employed as a caster operator, at the time he was injured he was replacing an inductor to a blast furnace which had become disabled. In order to replace the inductor, Clingerman was required to work on an elevated platform located approximately twenty (20) feet above the shop floor. (Complaint, para. 5). In addition, Clingerman was required to preheat the inductor prior to its replacement by the use of a gas torch. The torch was awkward to use, it having been constructed of a thick, heavy pipe with hoses attached to it. The purpose of the hoses was to carry propane and oxygen to fuel a flame with which to preheat the inductor. While the other inductor on the furnace had previously been changed, this was the first instance that the inductor on this side of the blast furnace had been removed, and it was the first time an inductor had been changed on an elevated platform. (Clingerman Dep. pp. 22, 44). In order to evenly heat the inductor, the torch and its supporting stand were required to be moved on an hourly basis.

"Normally the area on the elevated platform upon which Clingerman was required to work was guarded with a safety railing." (Clingerman Dep. pp. 28-29). "However, because of the space required for the torch, a section of the safety railing was removed in order to enable the inductor heating process to continue. Despite the absence of the safety railing, Nippert required Clingerman to perform the preheating function while standing on the unguarded edge of the platform. While Clingerman was performing the work described above, he fell to the shop floor and received injuries." (Clingerman Dep. pp 28-29).

I

Three elements must be proven by plaintiff to sustain an intentional tort action such as the instant one:

"(1) Knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty and not just a high risk, and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform

the dangerous task." *Van Fosssen*, cited *supra*, syllabus 5.

Each of the elements must be met separately and independently, and this court invoked the *Van Fossen* test most recently in *Fondren v. Nippert Co.* (Oct. 23, 1989), Delaware App. No. 89-CA-14, unreported. Therein, in a case coincidentally involving the same defendant-company, we reversed the grant of summary judgment after determining that there existed a material fact dispute as to the second prong of the test, i.e., the "intent" element. (*Fondren* at 7).

Contrary to our ultimate decision in *Fondren*, after reviewing the summary judgment sustained in favor of Nippert in the case at bar, we find that Clingerman's assignment of error is not well taken. Even "giving" appellant herein his successful demonstration of the first and third elements of the above-cited test (knowledge by the employer of the procedure and giving the employee the "go-ahead" to perform the task), appellant cannot prevail on the "intent" element. Our review of the record leads us to the conclusion that there is less than sufficient evidence contained therein that Nippert knew or should have known from the outset that Clingerman's accident was "substantially certain to occur."

The affidavits and depositions which make up the evidentiary package herein unanimously point toward the conclusion (construing said evidence most favorably toward plaintiff as required by rule) that defendant-company did not know with "substantial certainty: "that Clingerman's fall was likely to occur." See Clingerman Dep. filed Feb 9, 1989, at 49-50 and 56.

The trail court's grant of summary judgment was appropriate herein, specifically its (trial court's) application of the *Van Fossen* test.

Appellant's sole assignment of error is overruled and the judgment of the Court of Common Pleas of Delaware County is affirmed.

*Judgment affirmed.*

SMART, J., dissents.
GWIN, J., concurs.

SMART, J., dissenting.
I dissent.
The record demonstrates that Clingerman was a caster operator, operating a relatively new blast furnace. He had only once before performed this operation of changing an inductor. On a previous occasion, the work was done on a differ-

ent part of the furnace, on the floor level of the factory (deposition of Clingerman at 22). He had not been present when this job was originally set-up, and presumably when the safety railing was removed (deposition at 24). The area where the work was being done was extremely constricted; Clingerman testified that there was "hardly enough room to be in there..." The propane torch blew flame out of one side of the inductors so it could be approached from a certain angle. "It was a very awkward position to be in, obviously. I was doing the best I could with it and at the same time I was literally almost standing on the edge of the caster pit which they had taken all the safety precautions away from." (Deposition at 29.)

In fact, Nippert Company required Clingerman, and other employees on other shifts, to maneuver bulky, flaming equipment on the unguarded platform, focusing attention on the job rather than on the footing. Apparently, the task of heating and changing the inductor was going to take more than one twelve-hour shift to perform. Clingerman testified that he knew of no reason why this inductor could not have been worked on at floor level as had been done on the other.

In deciding a motion for summary judgment, the trial court must resolve all doubt, and construe all evidence, against the moving party, *Norris v. Ohio Standard Oil Co.* (1982), 70 Ohio St. 2d 1. If reasonable minds can come to different conclusions, summary judgment is inappropriate, *Hounshell v. American States Ins. Co.* (1981), 67 Ohio St. 2d 427.

In the case of *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St. 3d 190, our Supreme Court held:

"A claim of intentional tort against an employer will be dismissed as failing to establish that the pleader is entitled to relief unless the complaint alleges facts showing that the employer: (1) specifically desired to injure the employee; or (2) knew that injury to an employee was certain or substantially certain to result from the employer's act and, despite this knowledge, still proceeded." (*Van Fossen v. Babcock & Wilcox Co.* [1988], 36 Ohio St. 3d 100, 522 N.E. 2d 51; and *Kunkler v. Goodyear Tire & Rubber Co.* [1988], 36 Ohio St.3d 135 N.E.2d 477, construed.) Syllabus by the Court.

Mere knowledge and appreciation of a risk, however, fall short of substantial certainty and does not by itself establish intent, *Id.* at 191, citations omitted.

I feel that Clingerman presented sufficient evidence that a jury could reasonably conclude that Nippert Company knew that an injury to one of its employee was substantially certain to result from this hazardous work environment. I would sustain the assignment of error.