THE STATE OF OHIO, INDUSTRIAL COMMISSION OF OHIO, APPELLEE, *v.* OVERLY, APPELLANT.

(No. 1613—Decided
September 25, 1990.)

*Barrington Law Offices* and *James E. Barrington,* for appellee.

*Spetnagel & Benson* and *Thomas M. Spetnagel,* for appellant.

HARSHA, J. This matter is before us on appeal from the judgment of the Ross County Court of Common Pleas granting summary judgment in favor of appellee, the Industrial Commission of Ohio.

The following is appellant's sole assignment of error:

"The trial court erred by sustaining appellee's motion for summary judgment."

Before a motion for summary judgment may be granted, it must be determined that: (1) no genuine issue as to material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Civ. R. 56(C). When reviewing a summary judgment, the appellate court must use the same standard enunciated for the trial court, *i.e.,* we afford that court's decision no deference, and review the matter independently. *Hounshell* v. *American States Ins. Co.* (1981), 67 Ohio St. 2d 427, 433, 21 O.O. 3d 267, 271, 424 N.E. 2d 311, 315.

Appellant argues that the trial court improperly granted summary judgment in favor of appellee in that a genuine issue of material fact remained to be litigated. Appellant contends that a genuine issue of fact existed as to whether he was an "amenable employer" as defined by R.C. 4123.01(B)(2) for the periods of January 1, 1979 to June 30, 1984 and July 1, 1984 to December 31, 1984. The party moving for summary judgment bears the burden of establishing that material facts are not in dispute and that no genuine issue of fact exists. *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 8 O.O. 3d 73, 375 N.E. 2d 46.

On August 18, 1988, appellee filed an action against appellant in the Ross County Court of Common Pleas to recover on two liens recorded against appellant for unpaid workers' compensation for the periods of January 1, 1979 to June 30, 1984 and July 1, 1984 to December 31, 1984. Appellant, in his answer, admitted his present ownership of the land sought to be foreclosed upon and generally denies all other allegations in the complaint. Appellant's answer raised no affirmative defenses. At pretrial and in his memorandum in opposition to summary judgment, appellant raised the defense that he was not the employer during the periods in question and, therefore, he was not liable for the unpaid workers' compensation premiums. Consequently, appellee was without statutory authority to assign and enforce liens against property which he now owns. This is the same argument advanced by appellant on appeal.

When reviewing the record, we note that the following facts are undisputed. On November 5, 1974, appellant named himself as an employer and the sole owner of Laughlin Vending Services on an application for classification he filed with the Industrial Commission of Ohio. The trial court also took judicial notice of a decree of divorce entered in March 1978 pertaining to appellant's divorce from Imogene Overly. The decree ordered Imogene Overly to purchase Laughlin Vending Services from appellant and further ordered that appellant have no further managerial or operational obligations or privileges in connection with that business.

Appellant argues that based upon the language of the divorce decree, he was not an "amenable employer" as defined by R.C. 4123.01(B)(2) during the period that premiums were due. Since he was not an amenable employer, R.C. 4123.37 cannot be used by the state to attach liens against the property which he does own now. Appellant argues that it was incumbent upon the state to determine the period which appellant was an amenable employer. Even though appellant failed to notify appellee that he was no longer the owner of the business and an amenable owner, appellant maintains that appellee had an affirmative duty to investigate more fully who the actual amenable owner was during those periods.

We hold that the trial court properly applied R.C. 4123.37 in granting summary judgment in favor of the state. R.C. 4123.37 provides that if the Industrial Commission finds that any person is an amenable employer and has not paid in the requisite premiums to the state insurance funds pursuant to R.C. 4123.35, the Industrial Commission shall determine the period in which the person was an amenable employer and shall give notice of the determination to the employer. If, after receiving notice, the employer fails to furnish the requested payroll and pay the applicable premium and security deposit within the allotted time period, pursuant to R.C. 4123.37:

"* * * [T]he industrial commission shall forthwith make an assessment of the premium due from the employer for the period the industrial commission determined the employer to be an amenable employer including the premium security deposit according to section 4123.32 of the Revised Code if the employer is an amenable employer at the time of the determination, *basing the assessment upon such information as may be in the possession of the industrial commission.*

"The industrial commission shall give to the employer assessed written notice of such assessment. * * * Unless the employer to whom said notice of assessment is directed files with the industrial commission within twenty days after receipt thereof, a petition in writing, verified under oath by said employer, or his authorized agent having knowledge of the facts, setting forth with particularity the items of said assessment objected to, together with the reason for such objections, such assessment shall become conclusive and the amount thereof shall be due and payable from the employer so assessed to the state insurance fund. * * *

"When no petition objecting to an assessment is filed or when a finding is made affirming or modifying such an assessment after hearing, a certified copy of the assessment as affirmed or modified may be filed by the industrial commission in the office of the clerk of the court of common pleas in any county in which the employer has property or in which the employer has a place of business. The clerk, immediately upon the filing of such assessment, shall enter a judgment for the state against

the employer in the amount shown on the assessment. * * *'' (Emphasis added.)

According to the information in the possession of the Industrial Commission, appellant had identified himself as an employer at Laughlin Vending Company in his application for classification. He never notified the Industrial Commission that he no longer considered himself an amenable employer. After giving proper notice that the Industrial Commission believed appellant to be a noncomplying amenable employer based upon the information in its possession and receiving no response, the Industrial Commission is empowered to make an assessment of the premium due. The Industrial Commission is not required by statute to conduct an investigation outside its records; rather, the statute requires that any person designated by the Industrial Commission as an amenable employer is given notice and an opportunity to refute such a determination.

Appellant never objected to the Industrial Commission or appealed the assessment of the liens to the Court of Appeals for Franklin County as provided by R.C. 4123.37. Further, in his responsive pleadings and his pretrial statement, appellant never contested the assessment of the liens based upon the Industrial Commission's failure to give him the statutorily required notice

of the assessment proceedings. It was only after the trial court granted summary judgment that appellant filed a motion for reconsideration on the basis that he never received notice of the proceedings. The trial court stated in granting the summary judgment that there was "no just cause for delay," thereby rendering the order a final appealable order. *Chef Italiano Corp.* v. *Kent State Univ.* (1989), 44 Ohio St. 3d 86, 88, 541 N.E. 2d 64, 67. Judgments and final orders are not subject to motions for reconsideration. *Pitts* v. *Dept. of Transportation* (1981), 67 Ohio St. 2d 378, 21 O.O. 3d 238, 423 N.E. 2d 1105.

Based upon the facts as presented in the pleadings and briefs, reasonable minds can come to but one conclusion. The Industrial Commission is entitled to summary judgment as a matter of law. Appellant was listed as an employer. He never notified the Industrial Commission of any change in status. He never objected to the assessment or appealed to the court of appeals. His collateral attack on the assessment for failure of the state to give proper notice was not timely.[1]

Accordingly, the judgment of the trial court is affirmed and appellant's assignment of error is overruled.

*Judgment affirmed.*

ABELE, P.J., and STEPHENSON, J., concur.

---

[1] While appellant is foreclosed from collaterally attacking the assessment in the Ross County Court of Common Pleas, it appears that R.C. 4123.37 may provide the relief which appellant seeks. That section provides in part:

"* * * An assessment or judgment under this section shall not be a bar to the adjustment of the employer's account upon the employer furnishing his payroll records to the industrial commission."

Accordingly, appellant may apply for a stay of the execution of the lien and seek correction of the commission's assessment.