OPINION
Defendants Ridge Electric Co., Inc., Ruth, Paul, and Joseph McCaulley, and Barbara Kohr appeal a judgment of the Court of Common Pleas of Stark County, Ohio, which granted default and summary judgment in favor of plaintiffs Russell Windsor and Scottie D. Hodge on their complaint for unpaid wages and for sanctions for various discovery violations. Appellants assign three errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURTS [SIC] FINDING THAT THE DEFENDANTS [SIC] FAILURE TO COMPLY WITH DISCOVERY WAS THE RESULT OF WILFULLNESS [SIC] OR BAD FAITH IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED IN GRANTING A DEFAULT JUDGMENT ON THE ISSUE OF LIABILITY WHEN IN FACT ALL DISCOVERY REQUESTS MADE BY THE PLAINTIFF HAD BEEN ANSWERED AND COMPLIED WITH BY THE DEFENDANT.
ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON THE ISSUE OF DAMAGES WHERE, BASED ON THE EVIDENCE AVAILABLE AT THE TIME OF THE MOTION, REASONABLE MINDS COULD COME TO MORE THEN [SIC] ONE CONCLUSION REGARDING WHETHER DAMAGES HAD BEEN SUFFERED BY THE PLAINTIFFS.
On November 29, 1994, appellees filed their complaint against appellants, alleging they had been required to work at various times in the past, but were not paid for the work. They also alleged they had been sexually discriminated against because all male employees were required to work one Saturday per month, while similarly situated women were not required to do so.
Appellants filed a timely answer. Discovery proceeded, but a dispute soon developed, and on June 2, 1995, appellees filed a motion to compel discovery. The trial court sustained the motion and ordered appellants to comply. In August of 1995, appellees filed their motion for sanctions and default judgment, and the court granted the sanctions requested but denied the default judgment. The dispute continued, and eventually the trial court granted default judgment on behalf of the appellees on November 20, 1995. On April 5, 1996, the court granted summary judgment on damages, and appellants appealed the matter to this court.
In Windsor v. Ridge Electric (November 12, 1996), Stark Appellate # 1996CA00133, unreported, this court vacated the trial court's judgment and remanded the matter back to the trial court to conduct a hearing on the motion for sanctions. The matter returned to the trial court, and on January 9, 1997, the court conducted an oral hearing on appellees' motion for sanctions. At the hearing, neither party presented any evidence. The court ordered both parties to submit documentation in support of their respective positions. The trial court found contrary to appellants' assertion, appellants had never complied with the discovery orders. The court found the false representations by appellants and the total lack of compliance with discovery on a timely basis, coupled with the non-compliance of the orders of the court, constituted willfulness and bad faith. For this reason, the court granted judgment as to liability as a sanction.
The court then proceeded to review various requests for admission which the court had deemed admitted because of appellants' failure to respond. Appellants had belatedly filed an affidavit contradicting the admissions, but the court found the affidavit inadequate. The court concluded summary judgment was appropriate both on the issue of liability and on damages. Finally, the court granted attorney fees and expenses as sanctions.
 I
In their first assignment of error, appellants argue the court's finding of willfulness and bad faith is against the manifest weight of the evidence. Appellees point out our prior decision in this case held only the trial court erred in failing to hold an oral hearing prior to the granting of default judgment where no affidavit is filed with the motion and there is no affirmative showing of bad faith or willful failure to provide discovery. In the prior appeal, we held the trial court's application of Civ. R. 37 discovery sanctions was appropriate, but we found the court should conduct an oral hearing where the movant's request for the most serious sanction is unaccompanied by exhibits or affidavits.
The trial court found not only had appellants failed to respond to appellees' request for discovery, but had defied the court's order to compel, and had actually falsely represented to the court that discovery had been provided. This is the basis of the court's finding of willfulness and bad faith. The court noted no reason was ever given why discovery was not provided, even though the court had extended the time for compliance. As appellees point out, this court did not overturn any of the trial court's discovery orders except for the default judgment.
Our standard of reviewing a claim that a trial court's judgment is against the manifest weight of the evidence is to review the record and determine if the judgment is supported by some competent and credible evidence going to all the essential elements of the case. If the record does contain such evidence, we may not reverse a decision as being against the manifest weight of the evidence, see, C.E. Morris Company v. Foley ConstructionCompany (1978), 54 Ohio St.2d 279.
We find the record contains sufficient competent and credible evidence to support the trial court's judgment. Accordingly, the first and second assignments of error are overruled.
 III
In their final assignment of error, appellants argue the trial court erred in granting summary judgment on the issue of damages because reasonable minds could come to more than one conclusion on this issue.
Civ. R. 56 (C) states in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from undisputed facts, Hounshell v. American States Insurance Company (1981),67 Ohio St.2d 427, 433. A trial court may not resolve ambiguities in the evidence presented, see Inland Refuse Transfer Company v.Browning-Ferris Industries of Ohio, Inc. (1984), 15 Ohio St.3d 121. This court reviews a summary judgment by the same standard the trial court utilizes, see Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35. The moving party bears the burden of showing no genuine issue exists as to any material fact, and then the burden shifts to the non-moving party to set forth specific facts showing there is a genuine issue for trial, Vahila v. Hall
(1997), 77 Ohio St.3d 421, 429, citations deleted.
In opposition to the motion for summary judgment, appellants presented the affidavit of Joseph McCaulley. The affidavit disputed various facts which the court had already deemed admitted, on June 23, 1995, pursuant to Civ. R. 36.
The trial court found the affidavit was inadequate. We agree appellants cannot at this late date challenge the matters deemed judicially admitted.
We find it appears from the evidence reasonable minds could not differ on the issue of damages, and for this reason, the trial court did not err in granting summary judgment.
The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
By Gwin, P.J., Reader, J., and Wise, J., concur.
 JUDGMENT ENTRY
CASE NO. 97CA0129
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.