OPINION
{¶ 1} Plaintiff-appellant, Catherine Gaither, successor administrator of the estate of Earl F. Darden deceased, appeals from a granting of a motion for summary judgment of defendants-appellees, City of Columbus et al. The judgment concerned an action brought for wrongful death arising out of a fatal traffic accident that occurred on June 7, 2000, when decedent Earl F. Darden, a pedestrian, was stuck and killed by a city of Columbus police cruiser operated by defendant-appellee, Officer Todd Schiff. In granting the summary judgment, the trial court found that there was undisputed evidence that decedent Darden was negligent per se in that he crossed a highway as a pedestrian while not within a crosswalk. The trial court found there was no evidence to show that Officer Schiff was negligent.
 {¶ 2} As an additional reason for the granting of summary judgment, the trial court found that Officer Schiff was immune from liability, pursuant to R.C. 2744.03(A)(6), in that his operation of the cruiser was within the scope of his official responsibilities and there was no evidence that he acted with malicious purpose, in bad faith or in a wanton or reckless manner. The trial court further found that the city of Columbus is immune from liability, pursuant to R.C. 2744.02(A)(1), as its employee police officer was acting in connection with a governmental or proprietary function in responding to an emergency call at the time of the accident.
 {¶ 3} Appellant has filed a timely appeal, asserting the following six assignments of error:
[I.] The trial court erred in granting defendants' motion for summary judgment.
[II.] The trial court erred in failing to find that Officer Schiff's conduct was malicious and reckless and that officer Schiff acted with wanton and willful misconduct.
[III.] The trial court erred in ruling that the City of Columbus was immune from liability pursuant to O.R.C.2744.02(A)(1).
[IV.] The trial court erred in failing to find that officer Schiff was negligent when his cruiser struck and killed Earl Darden.
[V.] The trial court erred in discounting the portion of the affidavit of Larry Stuckey which stated that Officer Schiff was traveling 80 to 85 mph at the time of the accident.
[VI.] The trial court erred in concluding the city was immune from plaintiff's negligence, hiring, retention and training claims pursuant to O.R.C. 2744.03(A)(6).
 {¶ 4} Appellant's assignments of error are combined for discussion as they all relate to the single controlling issue: whether summary judgment was properly granted to appellees.
 {¶ 5} Pursuant to Civ.R. 56, a motion for summary judgment shall be granted when: (1) there is no genuine issue as to any material fact remaining for trial; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds could come to but one conclusion adverse to the party against whom the motion is made.Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317.
 {¶ 6} A trial court should not enter summary judgment if it appears a material fact is genuinely disputed or, if construing the allegations most favorably toward the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. See Hounshell v. Am. States Ins. Co. (1981),67 Ohio St.2d 427, 433.
 {¶ 7} A reviewing court considers a summary judgment motion de novo, using the same standard as the trial court. Smiddy v.The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 8} In Vahila v. Hall (1997), 77 Ohio St.3d 421, the Supreme Court explained the parties' duties applicable to a motion for summary judgment. The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party cannot discharge its burden by making a conclusory assertion that its opponent has no evidence to prove its case. If the moving party satisfies its initial burden, the non-moving party has a reciprocal burden to set forth specific facts showing there is a genuine issue for trial. Only if the non-moving party does not do so may summary judgment be entered against the non-moving party. A trial court should award summary judgment with caution being careful to resolve any doubt in favor of the non-moving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356.
 {¶ 9} On Wednesday, June 7, 2000, at about 1:30 a.m., Earl F. Darden, a 38-year-old male, was struck and killed by a police cruiser operated by Officer Schiff. At the time of the accident, Darden was crossing the street at the intersection of High Street and Williams Road in Columbus, Ohio, outside of the crosswalk and against a green light in favor of Officer Schiff. Officer Schiff was responding as backup to an emergency call in his one-officer cruiser. He was not using his lights or siren.
 {¶ 10} There were two witnesses to the accident, Officer Schiff and Larry Stuckey, Jr. Stuckey was working security for PayDays car lot at the southeast corner of South High Street and Williams Road. The deposition of Officer Schiff and the tape-recorded interview of Stuckey were submitted pursuant to Civ.R. 56(C).
 {¶ 11} On the day of the accident, Officer Schiff was assigned to cruiser 130, a one-officer cruiser according to the undisputed statement of Officer Schiff provided in the course of the investigation. At the time of the accident, he was responding to a call from a dispatcher who had received a call from an individual who had observed three males at or near her car that was parked in her street. Since these calls are normally two officer runs, Officer Brian Reid in cruiser 133 was also dispatched. Officer Schiff proceeded south on South High Street. He was not authorized under police policies and procedures to use emergency lights and sirens under these circumstances and did not have them on at the time. He had his headlights on throughout the time up to and including the time of the accident. Officer Schiff proceeded south on South High Street in the left lane. While he was traveling southbound on South High Street, he received more radio information about the run. The caller had reported that the men were now inside her car at the location to which Officer Schiff was proceeding. Officer Schiff was traveling at or near the speed limit, which was 45 m.p.h. at the place of the accident. As he approached the intersection of South High Street and Williams Road, Officer Schiff could see that the traffic signal was green and he proceeded southbound toward the intersection. At a point just north of the intersection, and outside of the crosswalk, Earl Darden crossed in front of his cruiser. Officer Schiff had not seen him prior to that time. Officer Schiff stated that he had no time to brake the cruiser or to take other evasive action to avoid hitting Darden. Darden was struck by the front of the cruiser on the passenger side. After the impact, Darden landed on the hood, struck the windshield, and rolled forward to the pavement as Officer Schiff applied his brakes and veered to the right. At this point, Officer Schiff was still north of the intersection and the light was still green. He stated that he turned his cruiser around to position it to block any traffic coming through the intersection, activated his beacons, and called for a squad to respond. He reported via police radio at 1:21 a.m., that he had been in a serious motor vehicle accident with a pedestrian. He then went to check on the person he had hit at which time other officers showed up at the scene.
 {¶ 12} Officer Richard Collier was at the scene by 1:23 a.m., and completed the traffic-crash report. He noted on the report that Larry Stuckey, Jr., had witnessed the accident and that Stuckey stated that Darden walked directly into the path of the cruiser and that Darden was not in the crosswalk. The Columbus Fire Division medics responded to the scene and pronounced Darden dead at the scene at 1:36 a.m.
 {¶ 13} Sergeant Todd Anderson who also arrived at the scene summarized his interview with Stuckey. According to the summary, Stuckey told Sergeant Anderson that he had been working security for PayDays car lot on the northeast corner of South High Street and Williams Road and that he was sitting in his car on the east side at that location. He told Sergeant Anderson that he saw a male black subject cross South High Street north of the crosswalk that was north of Williams Road going from the east to the west and walk in front of the cruiser. Stuckey stated the cruiser was southbound on South High Street in the center most southbound lane and that the traffic light for southbound traffic was green. Stuckey further stated that he could not believe that the victim had walked right in front of the cruiser and that he did not think the cruiser could have avoided hitting him. In his investigation, Sergeant Anderson concluded that Officer Schiff was not at fault and that there was no contributory negligence on the part of Officer Schiff.
 {¶ 14} The accident was also investigated by the accident investigation squad of the Columbus Division of Police. As noted by the investigating officer, South High Street, at the location of the accident, is five lanes across with two lanes for north and south travel and the center-double turn lane used by north and southbound travel. The speed limit at this location is 45 m.p.h. The temperature at 1:50 a.m., was 49 degrees with clear skies. Police officers also confirmed that the only witness to the accident other than Officer Schiff was Stuckey. Stuckey told the investigating officers that Darden had been sitting in the COTA bus stall located on the east side of South High Street when, for reasons unknown, he walked from the bus stall westbound into the southbound lanes and was struck by the police cruiser which appeared to Stuckey to be going less than the posted speed limit.
 {¶ 15} Stuckey, who remained on duty, talked with Sergeant David Sicilian who interviewed him at 3:27 a.m. and tape-recorded the interview. Stuckey does not dispute that the transcript of this taped conversation is accurate. There is no dispute that Stuckey told Sergeant Sicilian that Officer Schiff was traveling at approximately the speed limit which he estimated to be 35 m.p.h. He clarified that he was basing his assessment of the speed that Officer Schiff was traveling at about the same speed as other vehicles that night. Furthermore, Stuckey left no doubt whatsoever that the traffic light was green. He never saw the light change, and he also testified that the decedent walked in a fast pace from behind his car into the path of the cruiser and that the victim was outside the crosswalk. Detective Mark Rice of the accident investigation unit reviewed the photographs of the cruiser and concurred based on the physical evidence that Officer Schiff was driving within the posted speed limit.
 {¶ 16} The coroner's report on Darden indicated that, at the time of his death, he was intoxicated, having a blood ethanol level of 0.28g%.
 {¶ 17} The investigative records included inspections and measurements of the accident scene, an analysis of the accident photographs, interviews with the only witnesses to the accident, Officer Schiff and Stuckey, and the autopsy and toxicology reports.
 {¶ 18} Based on the evidence just related, it is clear that reasonable minds could not differ that the sole negligence and proximate cause of the accident was that of the decedent, who crossed the five-lane street outside of the crosswalk when the traffic light was green for on-coming traffic. The evidence thus far discussed shows that Officer Schiff was operating in a reasonable manner while preceding to an emergency call as backup.
 {¶ 19} In resisting the motion for summary judgment, appellant submitted the affidavit of Stuckey, which was apparently given to the attorney for appellant about two and one-half years after the accident. The affidavit was typed but contained many handwritten insertions which were stated within the terms of the affidavit to be incorporated by Stuckey's directions to "clarify what happened that night." It is significant to note that Stuckey nowhere within the affidavit stated that the taped interview on the night of the accident (which he described in the affidavit) was coerced or incorrect; however, in the affidavit, Stuckey stated a couple of significant things that were markedly different from the taped interview. Stuckey stated that Officer Schiff was doing about 80-85 m.p.h. at the time of the accident and that, as the officer approached the intersection, the light was yellow and halfway through the intersection it turned red. He also stated that the decedent was lying on his back with his face visible at the point where he landed after the impact. Stuckey stated he personally checked Darden and felt his pulse and that Darden said something that he could not understand because his teeth were missing.
 {¶ 20} Appellant argues that Stuckey's only sworn testimony was contained in his affidavit and that, even though it was markedly inconsistent with the statement he gave the police at the scene of the accident which was not under oath, his affidavit provided a basis for a reasonable trier of fact to find that Officer Schiff was operating his cruiser in a wanton, willful and reckless manner which would provide a basis for recovery against appellant in spite of decedent's obvious contributory negligence. Appellant further asserts that full immunity would not attach because of the wanton and willful misconduct on the part of Officer Schiff.
 {¶ 21} While there were other differences between some of the statements in the investigative report and the information in Stuckey's affidavit, the only material difference which relates to fault on the part of Officer Schiff is the speed of his cruiser and the color of the traffic light at the time of the accident.
 {¶ 22} The significant issue that the trial court faced, and which we face de novo, is whether an affidavit, produced from an eyewitness two and one-half years after the accident that contains no negative reference to his statement given to police officers at the scene of the accident which in direct conflict can be used to provide a reasonable basis to believe that it is true, would provide evidence that Officer Schiff was guilty of wanton or reckless conduct.
 {¶ 23} The trial court found, based on case law involving earlier sworn testimony, that an unexplained change by affidavit could not be used to change prior sworn testimony. Appellant argues that those cases do not apply here because the prior statement was not given under oath; however, it was given to police officers investigating an accident death.
 {¶ 24} All the facts induced, including the accident report and the report of reconstruction investigators and the physical scenes of the accident, indicate without doubt that Officer Schiff did not see the decedent in time to apply his brakes prior to the collision occurring. All of the evidence obtained in investigation of the accident indicates that Officer Schiff was operating his cruiser at a reasonable speed not exceeding 50 m.p.h. at most. There was no indication that Officer Schiff was, in any way, incapacitated by drink, drugs or other improper substances at the scene of the accident. Appellant would have the court believe that the investigative officers were all acting in collusion to protect Officer Schiff from being guilty of wrongful misconduct and that, finally, Stuckey has come forward with sworn testimony that demonstrates the cover up.
 {¶ 25} Appellant argues that the summary judgment motion should be overruled as Stuckey's affidavit demonstrates that this is a jury case with the verdict depending upon the credibility of the witnesses.
 {¶ 26} In paragraph 23 of Stuckey's affidavit, he did state that "I did not make this statement to the officer interviewing me that `I couldn't believe the victim walked right out in front of the officer' and I did not say that `I did not think the officer could have avoided hitting the black male' at no time during the interview did I make those comments." This statement demonstrates that Stuckey was aware of Sergeant Anderson's summary of the 15-minute interview with him that was taped and, while refuting only the above conclusory statements contained in the summary of Sergeant Anderson, does nothing to refute the specific facts of the manner in which the accident happened. The contested conclusions which arguably could be those of Sergeant Anderson are supported by special facts as related in the tape and whether Stuckey included the conclusions in his statement are immaterial.
 {¶ 27} Under the totality of the circumstances, we believe that the trial court made the proper decision in regard to summary judgment in concluding that a witness (Stuckey) can not create a reasonable issue of fact which otherwise did not exist, even under his own statements given in the course of an official investigation by a police department, that radically disagrees with every other bit of evidence indicating that there was not liability. These statements so radically differ from anything else produced at the scene and subsequent investigation in that the speed that Stuckey attributes to Officer Schiff in his affidavit is doubled. The light color which Stuckey changed from green to yellow in his affidavit and his rather incredible statement that he was on the scene inspecting the decedent and finding that he was still capable of talking in the two-minute time has no value in deciding fault. Furthermore, we believe that proof of collusion and intimidation is non-existent. Stuckey did not specifically state that his taped interview was not accurate (although grumbling that it was not conducted until about two hours after the accident) nor in any way coerced or that he did not say the specific things named in the tape. Obviously Stuckey knew that he was speaking to police officers, as he himself was acting in a quasi-police capacity while working as a guard at a car lot. In reviewing the transcript of the taped interview, we find no evidence of coercion or even of leading the witness.
 {¶ 28} In summary, we hold that an affidavit which is dramatically in conflict with an earlier taped statement given to an investigating police officer in the course of an official investigation can not be used to create a reasonable issue of fact without specific sworn testimony delineating why the earlier statement was not true. It is insufficient for an attorney to speculate that there was coercion or collusion when there is no sworn testimony to support that conclusion.
 {¶ 29} Thus, we find that the trial court did not err in finding that the sole proximate cause of the accident was the decedent's failure to obey traffic laws by walking outside the crosswalk, and against the traffic light. Moreover, the decedent was intoxicated at the time of the collision according to unrefuted tests.
 {¶ 30} Appellant also makes two further allegations concerning fault on the part of appellees, which allegations are totally unsubstantiated by any specific evidence. First, appellant speculates that Officer Schiff acted in bad faith in not disclosing that he was drinking before he reported to work. The only facts in the record are that Officer Schiff had one beer while playing a softball game several hours before he went on duty. There is no indication whatsoever that Officer Schiff was at all affected by consumption of alcohol at the time of the accident. Secondly, appellant argues that there should be an opportunity for the jury to determine if the city of Columbus was negligent in their investigation in the hiring and training of Officer Schiff. Appellant alleges that Officer Schiff's driving record could make the city of Columbus and its police department negligent in the hiring of him. The only evidence as to his driving record was that he hit a deer in an automobile he was driving when he was 16. Thirdly, appellant alleges that there is a material issue of fact because Officer Schiff was not able to state what training he had as a police officer responding to a motor vehicle accident as so questioned in his deposition.
 {¶ 31} These allegations fall far short of anything necessary to make a genuine issue of fact as to negligent hiring, training, and retention of Officer Schiff.
 {¶ 32} Appellant's six assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bryant and Brown, JJ., concur.
McCormac, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C)[NAF1], Article IV, Ohio Constitution.