HOUNSHELL ET AL., APPELLEES, *v.* AMERICAN STATES INSURANCE COMPANY, APPELLANT, ET AL.

[Cite as Hounshell v. American States Ins. Co. (1981), 67 Ohio St. 2d 427.]

(No. 80-1522—Decided August 5, 1981.)

*Rudd, Silverberg, Zaharieff & Orlins Co., L.P.A., Mr. J. Gordon Rudd, Mr. Eric Silverberg* and *Mr. David A. Orlins,* for appellees.

*Messrs. Ulmer, Berne, Laronge, Glickman & Curtis, Mr. Marvin L. Karp, Messrs. Bieser, Greer & Landis* and *Mr. Howard P. Krisher,* for appellant.

HOLMES, J. It is our view that the majority of the Court of Appeals applied the correct law to the facts presented in this cause.

There seems to be no dispute here that an insurance contract may lawfully limit the time within which a suit may be brought on that contract of insurance if the period fixed in the policy is not unreasonable. *Appel* v. *Cooper Ins. Co.* (1907), 76 Ohio St. 52. Such provisions are valid even though the limita-

tion period provided in the contract of insurance is shorter than the period specified in the applicable statute, and a limitation on periods for the commencement of actions to a period of 12 months is not unreasonable. *Appel, supra.*

However, as aptly stated by the Court of Appeals herein, the right to assert the limitation as provided for in the policy may be lost by estoppel or waiver. Which theory, either that of waiver or estoppel, should be applied in a given case, is not always completely clear. However, under the facts of this case, since the limitation on bringing actions is a right the company has provided itself by contract, then relinquishment of such right by its own acts would reasonably constitute a waiver.

In determining whether there has been a waiver, we must look to the purpose generally of the statute of limitations as provided by law, and the stance of the parties to an insurance contract who are confronted under the circumstances of a given case with a provision limiting the period for bringing actions on the contract.

In construing a fire insurance policy, which contained a 15-month limitation of action clause, the California Supreme Court, in *Bollinger* v. *National Fire Ins. Co. of Hartford* (1944), 25 Cal. 2d 399, 154 P. 2d 399, at pages 406-407, said:

"Under the circumstances it would be a perversion of the policy of the statute of limitation to deny a trial on the merits. As the Supreme Court of The United States declared in *Order of R. Telegraphers* v. *Railway Exp. Agency,* 1944, 321 U. S. 342, 348, 'Statutes of limitation . . . in their conclusive effects are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put an adversary on notice to defend within the period of limitation and the right to be free of stale claims in time comes to prevail over the right to prosecute them. ***The short statutory limitation period in the present case is the result of long insistence by insurance companies that they have additional protection against fraudulent proofs, which they could not meet if claims could be sued upon

within four years as in the case of actions on other written instruments.***"

The court, in *Bollinger, supra,* at page 405, also stated:

"***While courts are diligent to protect insurance companies from fraudulent claims and to enforce all regulations necessary to their protection, it must not be forgotten that the primary function of insurance is to insure. When claims are honestly made, care should be taken to prevent technical forfeitures such as would ensue from an unreasonable enforcement of a rule of procedure unrelated to the merits.***"

The major question presented in this case is what are the circumstances or criteria which would constitute a waiver of a limitation of action clause as contained in an insurance contract.

Appellant argues that an insurance company does not waive a limitation of action clause in the policy merely by making a settlement offer of a claim made by an insured, in the absence of any evidence that such offer was coupled with statements or acts which misled the insured into forbearing suit until after the limitation period has expired.

The basic stance of the appellant is that the law of waiver, if applied, should only apply where it is found that the insurance company, by its overt acts, misled the insured into forbearing suit until after the limitation period had expired. We believe this to be too narrow an interpretation of the law of waiver to be applied to this type of case. We feel that we should view such limitations on the realistic basis under which they were entered into as suggested by the court in *Schafer* v. *Buckeye Union Ins. Co.* (Ind. App. 1978), 381 N.E. 2d 519, at 522, as follows:

"By definition, contractual limitations are in derogation of the time period fixed by the legislature for bringing such actions. And they arise from adhesion contracts where the insured rarely, if ever, has a voice in bargaining."

We hold that a waiver in these types of cases may occur when the insurer, by its acts or declarations, evidences a recognition of liability under the policy, and the evidence reasonably shows that such expressed recognition of liability and offers of settlement have led the insured to delay in bringing an action on the insurance contract.

The facts in the instant case show that there was more than negotiation or discussion concerning the liability of the company on the policy. The offers made by American States implicitly led the appellees to believe that the company would be liable under the policy for the pro rata share of the fire loss, and it could reasonably be found by a trier of the facts that the result which flowed from this stance of the company was the delay of the appellees in filing an action on the insurance contract. Some other states that have considered this issue have concluded, as we, that where there has been activity by the insurance company which evidences an admission of liability upon the policy, and resulting reliance by the insured thereon and failure to file within the time limitation of the contract, the company is deemed to have waived the limitation.

Accordingly, it is stated in *Agricultural Ins. Co. of Watertown, N.Y.,* v. *Iglehart* (Okla. 1963), 386 P. 2d 145, 146, that:

"***In such a situation where defendant admitted liability to plaintiff, but never made payment to him on his claim, and there were intermittent negotiations for settlement of the claim, the defendant thereby waived the limitation provision of the policy. If defendant had intended to rely on the limitation provision, it should have paid plaintiff what it considered to be the reasonable value of plaintiff's loss and denied liability for anything in excess of that. If that had been done within time to allow plaintiff to commence his action for such excess claim within the limitation period of the policy, then defendant could rely on the bar of limitations.***"

See, also, *Warren* v. *Employers' Fire Ins. Co.* (1969), 53 N.J. 308, 250 A. 2d 578.

There was evidence adduced here that American States had admitted a pro rata liability on this insurance policy, and there was thus posed a jury question as to whether such admission had occasioned the reliance and delay in filing an action on the insurance contract by the insured.

It is argued that if the principle of waiver is applied to offers made by insurance companies in these instances, negotiation for settlement of claims will be stifled. We also are not in agreement with this argument.

It is not our conclusion here that all offers of settlement made by insurance companies to the insured are to be con-

strued as waivers of the time limitation. Where there is a specific denial of liability upon the policy, either totally or in part, there would generally be no waiver occasioned by an offer of settlement. We recognize and endorse the principle that a waiver comes into existence upon an offer that is an express or implied admission of liability.

Here, the record shows that none of the correspondence or discussion between American States and the insured would indicate a denial by American States of the existence of the policy or the occurrence of the fire; it merely shows that American States was claiming only a pro rata liability upon the coverage. If this company, in making its offers to the insured, had made it clear that it had concluded this was the full extent of its liability, and that it was refusing to recognize any further liability, it could have relied upon the limitation of action clause within the policy.

This matter was before the trial court upon summary judgment and must be evaluated upon review in such stance. American States, the movant, must meet the requirements of Civ. R. 56(C) which, in pertinent part, are:

"***A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.***"

The inferences to be drawn from the underlying facts contained in the affidavits and other exhibits must be viewed in the light most favorable to the party opposing the motion, and if when so viewed reasonable minds can come to differing conclusions the motion should be overruled. See *Williams* v. *First United Church of Christ* (1974), 37 Ohio St. 2d 150.

There is, at a minimum, an inference to be drawn that American States had admitted liability for a pro rata share of the fire loss and, as such, waived the 12-month limitation of action provision by holding out a reasonable hope of adjustment. Hence, the Court of Appeals was correct in finding some credible evidence of estoppel, and reversing the summary judgment ordered by the trial court.

The judgment of the Court of Appeals is affirmed, and the cause is remanded for a trial on the merits.

*Judgment affirmed and
cause remanded.*

W. Brown, P. Brown, Sweeney and C. Brown, JJ., concur.

Celebrezze, C. J., and Locher, J., dissent.

Locher, J., dissenting. The majority holds that appellant waived the 12-month limitation clause, because settlement offers are tantamount to admissions of liability. I disagree.

First, I note that we are reviewing this case upon a motion for summary judgment. This court outlined the standards for review in *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327, as follows: "Civ. R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."

No one disputes the salient facts: (1) The insurance policy provides: "No suit or action***shall be sustainable***unless commenced within twelve months***"; (2) the fire occurred on August 26, 1975;[1] (3) appellant made its last settlement offer by letter dated July 7, 1976; (4) appellees filed suit on November 23, 1976, almost *15* months after the fire. Our duty, therefore, is to decide "whether there is a genuine need for trial." *Cunningham* v. *J. A. Myers Co.* (1964), 176 Ohio St. 430, 413.

Appellant merely offered payment to appellees in settlement of their claim. Appellees, on the other hand, have not alleged that their insurer engaged in any deceptive conduct. "[W]here the negotiations do not in themselves indicate any intent to waive and do not mislead the insured, neither waiver

---

[1] The damaged property was not appellees' home, however. At the time of the fire, they were selling the property under land contract.

nor estoppel can arise." 18 Couch on Insurance 2d 838, Section 75:209. The majority concludes, however, that appellant's settlement offers "evidence[d] a recognition of liability, or*** [held] out a reasonable hope of adjustment*** which*** occasion[ed] the delay***in filing [this] action." These determinations go too far afield from the record and are inappropriate upon review of a motion for summary judgment. Indeed, the record fails to disclose the "voluntary relinquishment" of appellant's right to the 12-month limitation of actions which would constitute a waiver. See *White Co.* v. *Canton Transportation Co.* (1936), 131 Ohio St. 190.

Furthermore, sound authority recommends summary judgment in this case. This court has already upheld *six*-month limitation of action provisions in fire insurance policies. *Appel* v. *Cooper Ins. Co.* (1907), 76 Ohio St. 52. Other courts applying Ohio law have held, as a matter of law, that a contractual limitation prevents insureds who do not timely file from maintaining an action against insurers whose dealings with the insured were without artifice.[2] Several other jurisdictions have reached similar conclusions.[3] For example, in *Aiken* v. *Northwestern Mut. Ins. Co.* (1962), 106 Ga. App. 220, 126 S.E. 2d 630 (see footnote 3, *supra*), the insured filed suit against the insurance company almost 13 months after the loss. During the interim, both parties exchanged offers and counter-offers.

[2] *Continental Ins. Co. of New York* v. *Fire Assn. of Philadelphia* (C.A. 6, 1945), 152 F. 2d 239; *Sheet Metal & Roofing Contractors' Assn. of Miami Valley* v. *Liskany* (S.D. Ohio, W.D. 1974), 369 F. Supp. 662; *Somers Agency, Inc.* v. *Ajax Company* (Lorain Co. App., June 20, 1979), No. 2803, unreported; *Ross* v. *American Ins. Co.* (Summit Co. App., 1936), 21 Ohio Law Abs. 293; *Pelaia* v. *U. S. Fire Ins. Co.* (Cuyahoga Co. App., 1930), 8 Ohio Law Abs. 124.

[3] *Pini* v. *Allstate Insurance Co.* (E.D. Pa., No. 80-2871, October 3, 1980), [1980-81 Transfer Binder] Ins. L. Rep. (CCH) (Fire and Casualty Cas.) 955; *Herring* v. *Middle Georgia Mut. Ins. Co.* (1979), 149 Ga. App. 585, 254 S.E. 2d 904; *Draughn* v. *United States Fid. & Guar. Co.* (1977), 144 Ga. App. 272, 241 S.E. 2d 52; *Johnson* v. *Georgia Farm Bureau Mut. Ins. Co.* (1977), 141 Ga. App. 859, 234 S.E. 2d 693; *Aiken* v. *Northwestern Mut. Ins. Co.* (1962), 106 Ga. App. 220, 126 S.E. 2d 630; *Doll* v. *Farmers Auto. Ins. Assn.* (1977), 54 Ill. App. 3d 868, 370 N.E. 2d 258; *C. A. Enterprises Inc.* v. *Employers Commercial Union Ins. Co. of America* (Ind. App., 1978), 376 N.E. 2d 534; *Webb* v. *Kentucky Farm Bureau Ins. Co.* (Ky. App., 1978), 577 S.W. 2d 17; *P.O.P. Const. Co.* v. *State Farm Fire & Cas. Co.* (La., 1976), 328 So. 2d 105; *Graziane* v. *Firemen's Ins. Co. of Newark* (1978), 63 App. Div. 2d 1087, 406 N.Y. Supp. 2d 169; *Lardas* v. *Underwriters Ins. Co.* (1967), 426 Pa. 47, 231 A. 2d 740; *Petraglia* v. *American Motorists Ins. Co.* (Pa. Super. Ct. 1981), 424 A. 2d 1360.

The insurer's counsel rejected the insured's counter-offer for the last time in correspondence dated only three days before the end of the 12-month period. This correspondence repeated an offer made four and one-half months after the loss. The *Aiken* court upheld summary judgment for the insurer and concluded: "The clear import of the evidence is that the defendant [insurer] made an offer of settlement which could be accepted or rejected by the plaintiff [insured]. The defendant took no action which could be interpreted to mislead plaintiff from instituting suit***" 106 Ga. App., at 223 (citations omitted).

This court has traditionally preferred the amicable settlement of disputes outside the courtroom. *Shallenberger* v. *Motorists Mutual Ins. Co.* (1958), 167 Ohio St. 494, 505. Regrettably, the majority's holding will discourage settlement offers, because they are deemed to "evidence a recognition of liability" and waive the 12-month limitation of actions. The net effect of this decision will be to encourage unsavory litigation between insureds and their insurance companies. This kind of "war of attrition" places policyholders at a considerable disadvantage. Cf. *Universal Underwriters Ins. Co.* v. *Shuff* (1981), 67 Ohio St. 2d 172.

Accordingly, I would reverse the holding of the Court of Appeals and order summary judgment in favor of appellant.

CELEBREZZE, C. J., concurs in the foregoing dissenting opinion.