JOURNAL ENTRY AND OPINION
{¶ 1} Thomas Rak appeals from the decision of the Bedford Municipal Court, which granted summary judgment in favor of Safeco Insurance Company of America ("Safeco") regarding his loss claim under his homeowner's insurance policy. Rak argues it is reversible error to conclude that the one-year statute of limitations provision contained in Safeco's policy barred his claims. After reviewing the record and for the reasons set forth below, we agree with Rak's contentions and reverse the decision of the trial court.
 {¶ 2} On November 5, 2000, Rak discovered that various items of value were missing from his home located in Solon, Ohio. The missing items included stereo equipment, jewelry, electronics, compact discs, trading cards, and comic books. Rak immediately contacted the Solon police department to report the crime.
 {¶ 3} Rak told the police that he had been away from his home for 34 days and, upon returning, found his bedroom window open with the screen removed. He opined that the burglary must have taken place on October 23, 2000, based on conversations he had with both his girlfriend and a neighbor who had noticed the open window. He told police that he suspected a former roommate, Justus Gruly, of committing the burglary because Gruly had stolen from him in the past. Rak stated Gruly had a key to the house and also a remote disarming switch for the house alarm. The police stated that there were no signs of forced entry into the house, nor was the house in any sort of disarray.
 {¶ 4} At the time of the incident, Rak's property was insured by a homeowner's policy issued by Safeco in the case of theft, and it covered the items that Rak had reported stolen. Within a few days of discovering the burglary, Rak contacted Safeco and reported the loss.
 {¶ 5} On November 7, 2000, a Safeco adjuster sent a letter to Rak's home requesting that he contact him regarding the theft claim. The adjuster stated that he needed a copy of the police report and also a recorded statement detailing the facts of the loss in order to start processing the claim. Rak admits he received this letter.
 {¶ 6} On November 15th, the Solon police questioned Gruly, who admitted to burglarizing Rak's house on October 23rd. Later that day, he returned most of the items that he had stolen to the Solon police, stating that the missing items had been sold to his friends.
 {¶ 7} On November 22nd, Safeco's adjuster sent another letter to Rak's home advising that if he did not hear from him within ten days, he would assume Rak no longer intended to pursue his theft claim, and he would close his file. Safeco claims the letter was sent because they had not had any contact from Rak since he initially filed his claim. Rak claims he never received this letter.
 {¶ 8} On February 7, 2001, Safeco sent a letter to Rak informing him that his homeowner's policy would not be renewed in March because of his claimed personal property loss and information received from a credit source.
 {¶ 9} Rak called Safeco on May 1, 2001 and spoke with Mr. Wantia. Rak informed Wantia that he had not heard from anyone at Safeco since October 2000 regarding his theft claim. On June 21, 2001, Rak again telephoned Safeco to advise that Justus Gruly had been convicted and sentenced to 35 days in jail for burglarizing his house. Rak reported that he had recovered his stereo, video recorder, one comic book and some compact discs, however, the video recorder was not working properly.
 {¶ 10} On September 19, 2001, Rak contacted Safeco and spoke to Paul Clark. Clark informed Rak that "he should hire an attorney." Taking Clark's advice, Rak hired one.
 {¶ 11} On July 7, 2003, Rak filed a complaint in the Bedford Municipal Court against Safeco alleging breach of contract and seeking damages of $10,540. On August 8, 2003, Safeco filed an answer denying Rak's allegations.
 {¶ 12} Safeco filed a motion for summary judgment on December 9, 2003, claiming the contractual statute of limitations provision contained in Rak's homeowner's policy had expired. Rak's homeowner's policy contained the following limitations provision:
 {¶ 13} "Suit Against Us. No action shall be brought against us unless there has been compliance with the policy provisions and the action is started within one year after the loss or damage."
 {¶ 14} On January 15, 2004, Rak filed a brief in opposition claiming that Safeco had either waived or was estopped from claiming the limitation provision based on its conduct. On January 22, 2004, the trial court granted Safeco's motion for summary judgment. On February 11, 2004, Rak filed a motion for relief from judgment, which was denied.
 {¶ 15} On February 20, 2004, Rak ("appellant") filed this timely appeal presenting one assignment of error for our review:
 {¶ 16} "The trial court committed reversible error by granting defendant-appellee's motion for summary judgment when genuine issues of material fact exist and reasonable minds can conclude that defendant-appellee waived its defense of contractual time limitations."
 {¶ 17} The appellant claims the trial court committed reversible error by granting summary judgment in favor of Safeco when a genuine issue of material fact remained as to whether Safeco had waived the enforcement of the one year contractual statute of limitations contained in the appellant's homeowner's policy through its actions and conduct.
 {¶ 18} "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267.
 {¶ 19} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987),477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed. 2d 265; Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 604 N.E.2d 138.
 {¶ 20} In Dresher v. Burt (1996), 75 Ohio St.3d 280,662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media,Ltd. of Texas (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. UnderDresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record whichdemonstrate the absence of a genuine issue of fact or materialelement of the nonmoving party's claim." Id. at 296. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 21} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs.
(1993), 87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v. McFaul
(1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24; Link v. LeadworksCorp. (1992), 79 Ohio App.3d 735, 741, 607 N.E.2d 1140.
 {¶ 22} An action on a contract is subject by law to a fifteen-year statute of limitations. R.C. 2305.06. However, an insurance policy may limit the time for an action on the contract to less than fifteen years if a reasonable time for suit is provided. Colvin v. Globe American Cas. Co. (1982),69 Ohio St.2d 293, 23 O.O.3d 281, 432 N.E.2d 167; Duriak v. GlobeAmerican Cas. Co. (1986), 28 Ohio St.3d 70, 28 OBR 168,502 N.E.2d 620, reaffirming Colvin; see, also, Lane v. Grange Mut.Cos. (1989), 45 Ohio St.3d 63, 64. Ohio law is clear that a one-year limitation of action clause in an insurance policy is enforceable. Broadview S L. Co. v. Buckeye Union InsuranceCo. (1982), 70 Ohio St.2d 47.
 {¶ 23} To reduce the time for suit provided by the statute of limitations, an insurance policy must be written in terms that are clear and unambiguous to the policyholder. Id. Where language in an insurance policy is unambiguous and clear, "courts cannot alter the provision of the policy and may not stretch or constrain unambiguous provisions to reach a result not intended by the parties." Tate v. Pirnat (Oct. 14, 1999), Franklin App. No. 98AP-1189.
 {¶ 24} However, even a contractual limitation provision that is found by the court to be clear, unambiguous, and reasonable may be excluded from the contract through the doctrines of waiver and estoppel. A waiver of a contractual time limitation provision may occur when the insurer, by its acts or declarations, evidences a recognition of liability and offers of settlement which leads the insured to delay in bringing an action against the insurer based on the insurance contract. McNatt v. Ohio FairPlan Underwriting Ass'n. (July 30, 1992), Cuyahoga App. No. 60829, citing Hounshell v. American States Ins. Co. (1981),67 Ohio St.2d 427; Bray v. Westfield Ins. Co. (Mar. 16, 1987), Montgomery App. No. 10097.
 {¶ 25} In the instant matter, the appellant stated in his deposition testimony that he had never received the November 22nd letter from Safeco indicating that his file would be closed within ten days if he did not contact the adjuster about his theft claim. This fact is confirmed by further deposition testimony of the appellant, who stated that he had at least three conversations with Safeco employees and claims he was never told that his theft claim had been closed or denied.
 {¶ 26} On May 1, 2001, the appellant contacted Safeco and spoke with Mr. Wantia. The appellant asked Wantia about the status of his claim and also inquired as to why no one had contacted him since October 2000. Later, on June 21st, the appellant called Safeco again to advise that he had recovered some of his stolen items and that Gruly had been convicted of burglarizing his home. Finally, on September 21, 2001, the appellant spoke with Mr. Clark who simply told the appellant to "hire a lawyer." The record is completely devoid of any documentary evidence confirming that the appellant's claim had been officially denied or closed by Safeco.
 {¶ 27} The Ohio Administrative Code, Department of Insurance, section 3901-1-54 (G)(2), states that no insurer shall deny a claim on the grounds of a specific policy provision, condition, or exclusion unless reference to such provision, condition, or exclusion is included in the denial. The claim file of the insurer shall contain documentation of the denial in accordance with section (D) of this section. This code section states that Safeco should have sent a letter or informed the appellant that his claim had been officially closed or denied and why.
 {¶ 28} The appellant stated that he had three conversations with Safeco employees in which no one told him that his claim had been closed or denied. No witnesses were deposed who could confirm that the appellant's theft claim had in fact been denied or closed. Furthermore, we refuse to construe or infer that the phrase "hire a lawyer" means that the appellant's claim had been officially denied or closed.
 {¶ 29} Moreover, the appellant submitted an affidavit stating that a Safeco employee indicated to him that he would make an offer to settle his theft claim through his attorney, who was hired in September 2001. The appellant also stated that it was his belief after speaking with Safeco representatives that Safeco would not settle his theft claim until the Solon police had completed their recovery of his stolen items.
 {¶ 30} The appellant specifically stated in his affidavit that he believed the insurance company was attempting to resolve his claim by making him offers to settle, by telling him his homeowner's policy would cover his loss, and by acknowledging to him that they were working to resolve his claim.
 {¶ 31} Last, we disagree with Safeco's assertions that the deposition testimony of the appellant is directly contrary to the sworn testimony contained in his affidavit. Although the testimony differs, we do not find it to be purposely fabricated. The credibility of the appellant and his statements should be assessed by a jury.
 {¶ 32} In viewing the facts in the light most favorable to the appellant, we conclude that reasonable minds could differ as to whether Safeco waived the one year contractual statute of limitations contained in the homeowner's policy by not officially denying the claim or by leading the appellant to believe that his claim was still viable after the contractual limitations period had expired. These are issues of material fact that must be decided by a jury; therefore, the decision of the trial court granting summary judgment in favor of Safeco is hereby reversed, and this case is remanded for further proceedings.
Judgment reversed.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Bedford Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J.,* and Calabrese, Jr., J., Concur.
* (Judge Anne L. Kilbane concurred in this Journal Entry and Opinion prior to her death on November 22, 2004).