NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0718n.06
Filed: October 4, 2007

No. 06-4155

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | |
|---|---|
| PETER M. KLEIN, | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| Plaintiff-Appellant, | |
| v. | |
| STATE FARM FIRE & CASUALTY | |
| Defendant-Appellee. | |
| _____/ | |

**Before:**     **MARTIN and ROGERS, Circuit Judges; and HOOD, District Judge.**[*]

**DENISE PAGE HOOD, District Judge.** On February 18, 2005, Appellant Peter Klein ("Klein") filed the instant action against State Farm Fire & Casualty Company ("State Farm") in the Court of Common Pleas of Delaware County, Ohio alleging claims of bad faith, breach of contract and unjust enrichment. On March 21, 2005, State Farm removed this action to the United States District Court for the Southern District of Ohio, and subsequently moved for summary judgment. The district court granted State Farm's Motion for Summary Judgment on June 27, 2006. For the

_____

[*] The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

reasons set forth below, we AFFIRM the District Court's opinion granting State Farm's Motion for Summary Judgment.

## I.

This is an insurance contract dispute arising out of hail damage allegedly sustained to the wood shake roof of Klein's residence, located at 5444 Muirfield Court, Dublin, Ohio, after a severe line of thunderstorms swept through central Ohio on April 20, 2003. (J.A. 86)  In November 2003, Klein discovered hail damage to his roof and contacted State Farm. (*Id.*)  On December 11, 2003, State Farm sent a Claim Representative, Michael Thompson, to inspect the roof. (J.A. 87) Thompson determined that there was no hail damage to Klein's roof, that ten wood shakes had sustained wind damage, and that this damage was less than State Farm's policy deductible. (J.A. 99-100)  Thompson memorialized his findings in a letter dated the same day as his inspection. (*Id.*)  In his letter, Thompson also cited a clause in the subject policy regarding the policyholder's right to commence a lawsuit against State Farm.[1] (*Id.*)

Klein asserts that Thompson did not perform a thorough inspection of the roof as he was limited in the amount of the roof that he could inspect.  Specifically, he states that when Thompson performed the inspection, the roof was in a wet and slick condition, and Thompson was only able to inspect the roof from along the rakes, by holding on along the roof's ridges. (J.A. 162) According

---

[1]The referenced clause states as follows:

**Suit Against Us.**  No action shall be brought unless there has been compliance with the policy provisions.  The action must be started within one year after the date of loss or damage.

(J.A. 31).

to Klein's estimates, Thompson inspected merely 10% to 15% of the roof. Additionally, Klein points out that during Thompson's deposition, he testified that when a roof is in a wet condition, a closer examination of the roof is necessary to determine if there has been a split. (J.A. 161) According to Thompson, this is because it is more difficult to tell if there has been a split when the wood is wet, as it is difficult to see the color differentiation in the splits, which would be indicative of hail damage. (*Id.*)

In the spring of 2004, Klein noticed several dents in the trim of the roof. (J.A. 87) As a result, Klein hired three independent investigators, Andrew Halter, Michael Muckway, and Patrick Dennis to perform inspections on his roof. (*Id.*) According to Klein, all three contractors' inspections indicated that his roof had been damaged by hail. It is State Farm's contention that one of these inspectors, Halter, an engineer, concluded that hail had not damaged Klein's roof. Specifically, Halter testified at his deposition that while Klein's roof had been impacted by hail, these impacts were incidental and would not require replacement of Klein's roof. (J.A. 71) When asked whether he believed the hail impacts to the roof compromised the roof, Halter answered that he "didn't believe so." (J.A. 68) Halter explained that the reason for this was that he "was not able to find any coincidence of hail impact and shingle splitting on the roof." (*Id.*)

On June 24, 2004, Dennis, President and Owner of Weatherfield Construction, Inc., performed an inspection on Klein's roof, and determined that Klein's roof "has sustained significant structural damage and substantial loss of life." (J.A. 129) Dennis based this conclusion upon the fact that he found significant evidence of large hail impacts, which could only have been caused by "hail 1.5 inch (golf ball size) or greater . . . which caused splits in the shingles." (*Id.*)

Muckway, a Certified Executive General Adjuster, determined, after inspecting Klein's roof

3

on August 18, 2004, that Klein's roof was damaged by hail, and this damage was so significant that replacement of the entire roof was warranted. (J.A. 101-02, 104-05)

Based upon these independent inspections, Klein contacted State Farm to inform the company that he believed that his claim was erroneously denied. (J.A. 88) State Farm, through Michael Seebauer, a Field Team Manager, agreed to perform a reinspection of Klein's roof. (*Id.*) On September 1, 2004, Seebauer wrote a letter to Klein acknowledging his request for a reinspection, but indicating that the agreement to reinspect did not constitute a waiver of rights under the Suit Limitation Clause in Klein's policy. (J.A. 66)

On August 27, 2004, State Farm claims adjusters Robert Holt and Stefan Weaver arrived to perform the reinspection of Klein's roof. (J.A. 88) However, the roof was in a wet condition and the inspection could not be performed. Holt informed Klein that the reinspection would have to be rescheduled.[2] (*Id.*) Before Holt left, Klein provided him with copies of the independent examiners' inspections. (*Id.*) Holt returned to the office and informed Seebauer that he could not perform the reinspection, and that an effort to reschedule would be made. (J.A. 150) At this point, Seebauer told Holt that he would take over and handle Klein's claim from that point forward. (*Id.*) Evidently Holt gave the independent examiners' inspections to Seebauer, as Seebauer contacted Halter on September 29, 2004 regarding his inspection of Klein's roof. (J.A. 66) Halter informed Seebauer

---

[2]Although the inspection could not be performed, it appears that Holt attempted to perform it as he did go up a ladder and that he observed on the two or three shakes he could see, hail impacts but no splits caused by hail impact. (J.A. 149)

Holt testified that because the wood shakes were swollen, either due to rain or humidity, a proper inspection could not be performed. (J.A. 148) Over counsel's objection, Holt also answered in the affirmative when asked if he believed that it would have been proper to go back out to the property again to determine whether there had been hail damage. (J.A. 150)

that he found no hail damage to Klein's roof. (*Id.*) Based upon Halter's conclusion, Seebauer was satisfied that State Farm's conclusion in denying coverage on Klein's claim was correct and he contacted Klein on September 30, 2004 to advise him of this. (*Id.*) Seebauer left a message for Klein to contact him; however it appears that the two never actually held a conversation. (*Id.*) It is unclear from the record the actual date upon which Klein learned that State Farm was not changing its position, and that he was not entitled to coverage on his claim.

## II.

### A.

A district court's order grant of summary judgment is reviewed *de novo*. *Kiphart v. Saturn Corp.*, 251 F.3d 573, 581 (6th Cir. 2001); *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). Federal Rule of Civil Procedure 56(c) provides that summary judgment be entered only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if the "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Although the court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an essential element of that party's case, and on which that party will bear the burden

of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

**B.**

Klein asserts that the district court erred when it dismissed Klein's breach of contract claim based on Klein's failure to file suit within the twelve month limitations period set out in Klein's homeowner's policy. Klein argues that he filed his complaint within the applicable limitations period because he brought this action within one year of the date he discovered the damage to his roof. Klein asserts that since he did not discover the damage to his roof until the independent investigators inspected his roof and issued findings that the roof had sustained hail damage, he should be allowed to invoke what is known as the "discovery rule."[3] As these determinations and Klein's discovery of the damage were made in June and August 2004, Klein argues the complaint in this matter was timely filed as it fell well within the one year limitations period. In the alternative, Klein argues that even if we determine his complaint was untimely, dismissal of his breach of contract claim was still in error as State Farm's conduct precludes it from asserting a limitations defense under the doctrine of equitable estoppel.

State Farm first argues that Klein's failure to raise the "discovery rule" issue in his Brief in Opposition to State Farm's Motion for Summary Judgment bars Klein from raising it on appeal.

---

[3]The Ohio Supreme Court defines the "discovery rule" as follows, "[t]he 'discovery rule' generally provides that a cause of action accrues for purposes of the governing statute of limitations at the time when the plaintiff discovers or, in the exercise of reasonable care, should have discovered the complained of injury." *Investors REIT One v. Jacobs*, 46 Ohio St. 3d 176, 179, 546 N.E.2d 206 (1989).

State Farm concedes that this Court has discretion to review this issue; however, State Farm asserts that Klein is not entitled to relief as his claim was untimely. State Farm argues that the limitations period began on the date of loss or damage, April 20, 2003, and not the date Klein allegedly "discovered" the loss or damage. State Farm asserts that the discovery rule used in negligence type actions is not appropriate or applicable to contract disputes. Additionally, State Farm argues that Klein's theory that State Farm should be equitably estopped from raising the limitations defense is likewise without merit as State Farm did not, by either its acts or omissions, evidence a recognition of liability under the policy that would have induced Klein to delay filing his Complaint in a timely manner.

Generally, issues not raised in the district court are not appropriate for appellate court review. *Friendly Farms v. Reliance Ins. Co.*, 79 F. 3d 541, 544 (6th Cir. 1996). However, this general rule is not absolute and an appellate court may exercise its discretion to hear arguments raised for the first time on appeal. *Id.* at 544-45. Factors an appellate court should consider when determining whether or not to review these new arguments include: 1) whether the issue is a question of law or requires a determination of fact; 2) whether the proper resolution is beyond doubt; 3) whether failure to decide the issue will produce a miscarriage of justice or a denial of substantial justice; and 4) the parties' right to have the issues reviewed by both a district and appellate judge. *Id.* at 545. Lastly, "we may exercise discretion to review an issue not presented to the district court in 'exceptional circumstances.'" *Id.*

While the appropriateness of the inclusion of a discovery rule into contract disputes such as the one before this Court appears to be solely a question of law, it is evident that a determination of the facts would still be required under the circumstances. If we determined that the discovery rule

applied, it is not clear from the record when the precise date of discovery occurred. According to the case law Klein cites in his brief, if we were to adopt the "discovery rule" a determination of when a reasonable person would have discovered the alleged damage could arguably be sometime after Thompson's inspection in December 2003, and before February 18, 2004. If it was unreasonable for Klein to fail to discover the alleged loss after February 18, 2004, then he would not be entitled to relief. Additionally, there are no other factors favoring review of this issue, as there is no indication that a miscarriage of justice will result or any reason why review of this issue supersedes the parties' right to have both a district and appellate court review this issue. Therefore, Klein's failure to raise this argument in the court below precludes him from asserting it now. *Id.* at 546**.**

Klein asserts that if we decline to review his discovery rule argument, that State Farm should be equitably estopped from raising the limitations defense. Klein argues that State Farm's agent, Thompson, made a factual misrepresentation as to the condition of the roof, and that Klein reasonably relied upon this representation, resulting in his failure to timely file a cause of action within the limitations period set out in the subject policy.

A contract for insurance may lawfully limit the time within which a suit may be commenced on the contract, even though this period is shorter in duration than that of the applicable statute, as long as the limitations period is not unreasonable. *Hounshell v. American States Ins. Co.*, 67 Ohio St. 2d 427, 429, 424 N.E.2d 311 (1981). A limitations period requiring commencement of a suit to a period of twelve months is not unreasonable. *Id.* at 430 (citing *Appel v. Cooper Ins. Co.*, 76 Ohio St. 52, 80 N.E.2d 955 (1907)). However, an insurer may, by its acts or omissions, lose the right to assert a limitations defense. *Hounshell*, 67 Ohio St. 2d at 430.

In support of his argument, Klein relies on *Doe v. Blue Cross/Blue Shield of Ohio*, 79 Ohio

8

App. 3d 369, 607 N.E.2d 492 (1992). *Doe* is not applicable to the circumstances of the present matter because the case does not involve a limitations issue. *Hounshell* requires that in situations like the one presently before this Court, where "the limitation on bringing actions is a right the company has provided itself by contract, then relinquishment of such right by its own acts would reasonably constitute a waiver." *Hounshell*, 67 Ohio St. 2d at 430. The proper resolution of this issue requires this Court to apply the principles set out in *Hounshell*.[4]

In *Hounshell*, the court held that an insurance company waives its right to assert a limitations defense "when the insurer, by its acts or declarations, evidences a recognition of liability under the policy, and the evidence reasonably shows that such expressed recognition of liability and offers of settlement have led the insured to delay in bringing an action on the insurance contract." *Id.* at 431. Additionally, the process of reviewing the validity of a claim does not constitute waiver of a suit limitations clause. *See Broadview Sav. & Loan Co. v. Buckeye Union Ins. Co.*, 70 Ohio St. 2d 47,

---

[4]The court notes that it appears that Klein alternatively argues that State Farm should be equitably estopped from raising the limitations defense because Thompson made a factual misrepresentation as to the condition of the roof, and Klein reasonably relied upon this representation to his detriment by filing his Complaint beyond the limitations period set out in his policy. (Brief for Plaintiff-Appellant at 20). Even if we were to utilize a theory of equitable estoppel to resolve this issue, it is clear that Klein could not set out a *prima facie* case. "Equitable estoppel precludes a party from asserting certain facts where the party, *by his conduct*, has induced another to change his position in good faith reliance upon that conduct." *Kosa v. Pruchinsky*, 82 Ohio App. 3d 649, 652, 612 N.E.2d 1291 (1992) (emphasis in original) (citing *State ex rel Cities Service Oil Co. v. Orteca*, 63 Ohio St. 2d 295, 299 (1980)).

Here, it cannot be said that Thompson's conduct in denying Klein's claim, based upon Thompson's belief that the damage to the roof was caused by wind, rather than hail damage, induced Klein to fail to hire independent investigators at an earlier date. Thompson's reference to the subject policy's limitations period in the letter also demonstrates that Thompson wanted to put Klein on notice as to his right to file suit if he disagreed with the outcome of his claim. This conduct does not justify a finding that Klein was somehow induced or misled into delaying either the hiring of independent examiners, or the filing of suit within the applicable limitations period.

9

51-52, 434 N.E.2d 1092 (1982). The *Hounshell* court made it clear that not all offers of settlement constitute waiver, but only those that expressly or impliedly admit liability. *Hounshell,* 67 Ohio St. 2d at 433.

The district court correctly concluded that State Farm, neither by its actions or declarations evidenced a recognition of liability. In fact, the day that Thompson inspected Klein's roof, he prepared a letter indicating that State Farm was denying coverage on the claim, including the policy's clause on the limitations period for filing suit. Klein admitted during his deposition that he received and read this letter. (J.A. 60) Additionally, when Klein contacted State Farm for a reinspection of the roof based upon his belief that his claim was erroneously denied, Seebauer indicated that by agreeing to reinspect the property, State Farm was not waiving the limitations clause in Klein's homeowner's policy. Therefore, we find Klein is not entitled to apply the doctrine of equitable estoppel to this claim**.**

## C.

Klein argues that the district court erred by dismissing his bad faith claim against State Farm. State Farm counters that it did act reasonably when it denied Klein's claim, based upon the fact that Klein's own expert agreed with State Farm's claims examiner.

"[A]n insurer has the duty to act in good faith in the handling and payment of the claims of its insured. A breach of this duty will give rise to a cause of action against the insurer." *Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St. 3d 272, 276, 452 N.E.2d 1315 (1983).[5] However, "whenever an insurance company denies a claim of its insured, it will not automatically expose itself to an action

---

[5]Klein's bad faith claim is "independent of the contract of insurance." *United Dep't. Stores Co. No. 1 v. Continental Cas. Co.*, 41 Ohio App. 3d 72, 73, 534 N.E.2d 878 (1987). As such, this claim is not subject to the one-year limitations period in the insurance policy. *Id.*

in tort." *Id*. at 276-77. Additionally, mere negligence on the part of the insurer in determining to deny a claim is not enough to establish that it acted in bad faith. *See Hart v. Republic Mut. Ins. Co.*, 152 Ohio. St. 185, 187-88, 87 N.E.2d 347 (1949).

The standard to be applied in determining a claim of bad faith is that of "reasonable justification." *Zoppo v. Homestead Ins. Co.*, 71 Ohio St. 3d 552, 554, 644 N.E.2d 397 (1994) (citing *Hart, supra,* 152 Ohio. St. at 185). When an insurer asserts that its decision to deny a claim is warranted, this decision "may not be arbitrary or capricious." *Hart*, 152 Ohio St. at 188. "[A]n insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor." *Staff Builders, Inc. v. Armstrong*, 37 Ohio St. 3d 298, 303, 525 N.E.2d 783 (1988).

An insurer may be liable for punitive damages when it acts in bad faith, upon a showing of proper proof. *Hoskins*, 6 Ohio St. 3d at 277. A claim for punitive damages is supported by proof that the insurer acted with "actual malice, fraud or insult" in denying an insured's claim. *Staff Builders,* 37 Ohio St. 3d at 304. Actual malice is "that state of mind under which a person's conduct is characterized by hatred or ill will, a spirit of revenge, retaliation or a determination to vent his feelings upon other persons." *Id.* Actual malice "need not be expressed but may be inferred from conduct and surrounding circumstances." *Id.* (internal quotations omitted) (citing *Columbus Finance, Inc. v. Howard*, 42 Ohio St. 2d 178, 184, 327 N.E.2d 654 (1975)).

At oral argument for this matter, Klein's counsel argued that the district court erred when it reviewed State Farm's actions after the original denial by Thompson. Counsel asserted that the district court should not have reviewed any evidence that occurred after the first denial of Klein's claim. In effect, counsel argued that Thompson's inspection amounts to a cause of action in bad

11

faith. This argument lacks merit. The law in Ohio is settled that mere negligence, or bad judgment does not amount to a claim for bad faith against an insurer. *See Hart*, 152 Ohio. St. at 187-88. Thompson performed an inspection, and determined that there had been wind, rather than hail, damage, and denied Klein's claim because the cost to repair the wind damage would not exceed the $1,000.00 deductible in the policy. Although Klein believed Thompson's inspection to be less than thorough, the law is clear that mere bad judgment on the part of Thompson does not amount to bad faith. *See State v. Wolf,* 154 Ohio App. 3d 293, 295, 797 N.E.2d 109, 111 (Ohio App. 2003).

**III**.

Klein's breach of contract claim is barred by his failure to commence his action within the limitations period set out in the policy, which required him to file his action within one year from the date of loss or damage. Further, State Farm cannot be estopped from raising the limitations defense under the circumstances, as State Farm did not, through its acts or declarations, evidence a recognition of liability on Klein's claim that would have induced him to delay filing this action. Lastly, Klein has not created a genuine issue of material fact on his bad faith claim as he cannot establish that State Farm's initial denial of his claim evidences something more than mere negligence or bad judgment on its part. The district court's order granting State Farm's motion for summary judgment is **AFFIRMED.**