**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0644n.06

Case No. 20-3456

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| WRITE START EARLY CHRISTIAN EDUCATION CENTER, LLC, | ) ) ) | **FILED**<br>Nov 12, 2020<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| NATIONAL FIRE & MARINE INSURANCE, | ) ) ) | |
| Defendant-Appellee. | ) | |

BEFORE: NORRIS, SUTTON, and KETHLEDGE, Circuit Judges.

SUTTON, Circuit Judge. Write Start Early Christian Education Center sued National Fire and Marine Insurance to obtain coverage after a break-in caused damage to the Center. National Fire moved to dismiss the lawsuit as time barred. Write Start claimed that the insurance company waived the limitations defense, but the district court disagreed and dismissed the case. Because neither the original nor amended complaint plausibly excuses Write Start from failing to comply with the limitations period, we affirm.

National Fire provides Write Start with commercial property insurance. The policy covers damage from various causes of loss subject to several conditions and exclusions. One condition is a contractual period of limitations. If Write Start disputes a coverage decision, it must sue National Fire within two years after the damage occurs.

In May 2016, Write Start suffered property damage from a break-in. It filed a claim with National Fire. On July 21, National Fire largely denied the claim. It paid for a small portion of the damage but denied coverage for the rest.

In March 2018, two months before the contractual limitations period ended, Write Start asked National Fire to reopen the claim. The insurance company agreed to examine any new evidence of damage. But it "continue[d] to stand by" its partial denial of coverage and emphasized that it maintained a "complete reservation of rights," "without waiver of all of [its] rights and defenses under the policy," "including the contractual period of limitations." R.14-4 at 2–3. Write Start offered a new repair estimate.

In June 2018, National Fire responded that it had examined the repair estimate and re-inspected the property but found no reason to change its original decision. It also requested documentation required under the policy to support Write Start's request for reconsideration. The letter again noted that National Fire reserved all contractual rights and could waive them only "expressly and specifically" in writing. R.14-5 at 8–9.

On October 1, 2018, National Fire sent Write Start a final letter. The letter reaffirmed National Fire's original claim decision, noting that National Fire's three-month-old request for supporting documentation had gone unanswered and that the policy required that documentation within 60 days. The letter reiterated that the review was subject to an "express reservation of rights," including the limitations period. R.14-6 at 2.

In April 2019, almost three years after the break-in, Write Start sued National Fire for breach of contract in state court. After removing the case to federal court, National Fire filed a motion to dismiss the case for failure to state a claim, invoking the contract's time bar. Write Start moved for leave to amend its complaint. The proposed amended complaint alleged that

National Fire waived the contractual limitations period through the "course of subsequent correspondence" between March and October 2018. R.13-1 at 2–3. After National Fire produced the letters quoted above, the district court dismissed the complaint as time barred and denied leave to amend on futility grounds.

*Motion to dismiss the complaint.* In challenging the district court's dismissal ruling, Write Start acknowledges that Ohio law governs this diversity lawsuit. The Buckeye State enforces reasonable contractual limitations periods. *Hounshell v. Am. States Ins.*, 424 N.E.2d 311, 313 (Ohio 1981). And a two-year limitations period counts as reasonable. *See id.*

The district court properly dismissed Write Start's original complaint because the complaint admitted all of the facts necessary to apply the two-year time bar. The complaint admits that it stems from a May 11, 2016 incident and that Write Start filed its lawsuit on April 12, 2019. National Fire's motion to dismiss legitimately incorporated the insurance policy and its two-year limitations period. The policy was referred to in the complaint and was indeed the premise of Write Start's lawsuit. *See Com. Money Ctr., Inc. v. Ill. Union Ins.*, 508 F.3d 327, 335–36 (6th Cir. 2007). The complaint did not plead any theories or facts indicating the limitations period did not apply. On these pleadings, the district court properly dismissed the case on time-bar grounds.

Courts, it is true, generally do not look beyond the pleadings in resolving motions to dismiss. *See* Fed. R. Civ. P. 12(d). But an exception applies for material documents attached to a motion to dismiss if the complaint refers to them and thus makes them part of the pleadings. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680–81 (6th Cir. 2011); *Com. Money Ctr.*, 508 F.3d at 335–36; *see also* 5A Charles A. Wright & Arthur Miller, *Federal Practice & Procedure* § 1327 (4th ed. 2019).

*Motion for leave to amend the complaint.* That leaves the question whether the court properly denied Write Start's motion for leave to amend the complaint. *See* Fed. R. Civ. P. 15(a)(2). A district court may deny leave to amend a complaint where amendment would be "futil[e]," *Foman v. Davis*, 371 U.S. 178, 182 (1962), and an amended complaint that would not survive a motion to dismiss counts as futile, *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

The key difference between the original complaint and the amended complaint is Write Start's new allegation that National Fire waived the limitations period through its correspondence with Write Start. But the new allegations are no better than the old ones.

Under Ohio law, an insurance company may waive a contractual limitations clause by "recogni[zing] liability" or "hold[ing] out a reasonable hope of adjustment," such that the insured delays filing a lawsuit. *Hounshell*, 424 N.E.2d at 314–15. To decide whether an insurance company has done so, we look at its "acts" and "declarations." *Id.* at 314. Mere "negotiation or discussion concerning the liability of the company" does not suffice. *Id.* The same is true for investigating a claim, *Broadview Sav. & Loan Co. v. Buckeye Union Ins.*, 434 N.E.2d 1092, 1095 (Ohio 1982) (per curiam), or reopening an investigation, *Engleson v. Unum Life Ins. Co. of Am.*, 723 F.3d 611, 621–23 (6th Cir. 2013) (insurer's letter saying that if the insured had "additional information" the insurer would "be happy to reconsider [the] claim" did not waive the limitations period); *see also Jackson v. State Farm Fire & Cas. Co.*, 461 F. App'x 422, 424–26 (6th Cir. 2012) (same). Even a partial "recognition of liability," *Hounshell*, 424 N.E.2d at 314, does not waive the limitations period for the disputed portion of the damage, at least where the insurer "clearly state[s]" the extent of the liability and refers to the contractual limitations clause, *Dominish v. Nationwide Ins.*, 953 N.E.2d 820, 822 (Ohio 2011).

The letters between Write Start and National Fire, incorporated into the amended complaint by reference, render Write Start's waiver allegations implausible. All they show is that, when Write Start asked National Fire to reopen investigation to consider new evidence, National Fire agreed. It then "clearly stated" that it was not liable for the disputed portion, *Dominish*, 953 N.E.2d at 823, all the while repeatedly and expressly reserving its right to invoke the limitations bar. Because National Fire did nothing more than investigate Write Start's claim, its actions parallel those of the insurance companies in *Broadview* and *Dominish* and thus do not constitute acts "evidenc[ing] a recognition of liability" or "hold[ing] out a reasonable hope of adjustment," *Hounshell*, 424 N.E.2d at 314–15.

*Klein v. State Farm Fire & Casualty* reached a similar outcome when the claimant there, like the claimant here, contacted the insurer to complain that his claim was erroneously denied. 250 F. App'x 150, 152–53 (6th Cir. 2007). The insurer agreed to reinspect the claim, though in a letter "indicating that the agreement to reinspect did not constitute a waiver of rights under the [contractual limitations clause]." *Id.* at 153. We found no waiver under Ohio law. *Id.* at 156.

Attempting to head off this conclusion, Write Start offers several arguments. It first argues that the district court improperly incorporated the letters because they represented only National Fire's "own selection" of communications between the parties. Appellant's Brief 13. No doubt, if the correspondence didn't represent the entire "course of correspondence" referenced in Write Start's amended complaint, that would be a problem. But Write Start never identified any additional correspondence and thus gave the district court no reason to think that additional evidence would be forthcoming.

Write Start next argues that the district court erred in saying that a reservation of rights always defeats a waiver claim. Perhaps; perhaps not. The key answer is that it makes no

difference here. Even if a reservation alone might not always defeat a claim of waiver, that does not alter our conclusion. The problem is that National Fire's letters cannot plausibly be construed as a waiver of its rights to assert this time bar.

Write Start next claims that National Fire waived the limitations period because Write Start held out a "reasonable hope of adjustment"—that its claim would be expanded to cover damage the insurance company initially excluded. As support, it quotes one of National Fire's letters: "This is not, nor should it be construed to be, a denial of your claim." R.14-5 at 8. But that clarification remains consistent with investigating a claim without accepting liability or with investigating a claim and not creating a reasonable hope of adjustment. That Write Start may have hoped for adjustment is irrelevant. The relevant question is whether *National Fire's* acts or declarations "h[e]ld out a reasonable hope of adjustment." *Hounshell*, 424 N.E.2d at 315. Mere investigation of a claim, the Ohio Supreme Court has made clear, does not establish the requisite "reasonable hope." *See Broadview*, 434 N.E.2d at 1095.

Write Start next seizes on a fact pattern that *Hounshell* treated as a potential waiver: where an insurance company "admitted liability to [the] plaintiff, but never made payment to him on his claim, and there had been intermittent negotiations for settlement of the claim[.]" 424 N.E.2d at 314 (quotation omitted). But this analogy skates over the key difference between this case and that hypothetical. Yes, National Fire admitted partial liability, but it paid for that portion of the claim well before the limitations period ran. National Fire never admitted liability for the remainder of Write Start's claim, all in other words that was at issue while the limitations period ran. Once again, reopening an investigation by itself does not create a waiver.

Write Start next points to a line from *Dominish* that says: "We do not consider the [*Hounshell*] test to be the exclusive way to determine whether an insurance company has waived

its right to enforce a limitation-of-action clause, but it is one way." 953 N.E.2d at 822. Notably, however, Write Start never offers an alternative test. Neither does *Dominish*. All it said was that the insurance company "offered to pay for the part of the claim it deemed itself liable for, that it denied all other claims, that it had a limitation-of-action clause in its policy, that it informed [the insured] of the clause, that it asserted the clause at every possible instance, and that [the insured] was not induced to forbear filing suit by anything that [the insurance company] did." *Id.* at 823. That's just what happened here. Just as these realities did not move the waiver needle there, they do not move it here.

We affirm.