OPINION
{¶ 1} Plaintiff-appellant Timothy Whisler appeals the July 6, 2004 judgment of the Richland County Court of Common Pleas, granting summary judgment in favor of defendant-appellee Merrico, Inc. Appellant assigns one error:
 {¶ 2} "I. Upon due consideration of the evidence presented and construed most favorably for plaintiff-appellant, the non-moving party, the trial court erred in finding as a matter of law that there was an absence of a genuine issue of material fact on the essential elements of a workplace intentional tort."
 I {¶ 3} In April 1994, appellee Merrico, Inc. hired appellant Timothy Whisler as a die setter and maintenance man. On February 8, 2001, appellant suffered an elbow high amputation of his right arm in the course and scope of employment, when he reached into a press to service a die, accidentally stepping on the foot pedal, causing the press to cycle. Prior to reaching into the press, appellant did not turn off the power to the press, nor did he insert a die safety block to prevent the press from cycling.
 {¶ 4} Prior to the injury, appellant requested Merrico purchase a manual for the operation of the press, but Merrico refused. Prior to Appellant's accident, Merrico was cited by OSHA as a result of an amputation injury to another employee while operating a different machine. The citation was for "failure to establish a program consisting of an energy control procedure and employee training to ensure that before any employee performed any servicing or maintenance on a machine or equipment where the unexpected energizing, start up or release of stored energy could occur and cause injury, the machine or equipment would be isolated, and rendered inoperative," and inadequate guarding.
 {¶ 5} Appellant's expert, James J. Zucchero, testified at his deposition, Merrico knew of the dangerous process of failing to guard the point of operation on its mechanical power presses, failing to establish a de-energization program when performing service on its mechanical power presses, and failing to provide the appropriate training/supervision regarding mechanical power press procedures, and it was substantially certain an employee performing the operations appellant performed under the conditions present at Merrico, Inc. would be seriously injured or killed.
 {¶ 6} Appellant initiated this action alleging employer intentional tort and retaliatory discharge. On May 14, 2004, Merrico filed a Motion for Summary Judgment as to appellant's intentional tort claim. The trial court granted appellee's motion for summary judgment on July 6, 2004, but the order was not a final appealable order because of appellant's pending additional claim for retaliatory discharge. On July 23, 2004, appellant voluntarily dismissed the remaining claim, at which time the trial court's July 6, 2004 Judgment Entry became final.
 {¶ 7} Summary judgments are governed by Civ. R. 56. In State ex rel.Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448, 1996-Ohio-211, the Ohio Supreme Court explained:
 {¶ 8} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 9} The trial court must not enter summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably toward the non-movant, reasonable minds could draw differing conclusions from the undisputed facts. Hounshell v. AmericanStates Insurance Co., (1981), 67 Ohio St.2d 427.The trial court must not resolve ambiguities in the evidence, Inland Refuse Transfer Co. v.Browning-Ferris Industries, Inc., (1987) 30 Ohio St.3d 321.
 {¶ 10} As an appellate court reviewing summary judgment motions, we stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The WeddingParty, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 11} Appellant's expert testified the appropriate manner to address the hazards relative to the press was to perform a hazard analysis. He further testified appellant was incapable of conducting the analysis, and Merrico had an obligation to assure its completion. He opined at deposition and by affidavit Merrico knew with substantial certainty its employees would be harmed because of its failure to comply with known safety requirements relative to the operation and maintenance of mechanical power presses.
 {¶ 12} Appellant testified his immediate supervisor, Ralph Meckling, directly and expressly instructed him on how to install and connect power to the mechanical press at issue. The expert opined appellant was not properly supervised because the shop manager was observing appellant at the time of the accident but did not intervene. Appellant testified she was just stepping up to the other side of the machine when he was injured, and had blood spattered on her.
 {¶ 13} Any analysis of the employer's intent must turn not only on the hazards of the machine but also the skills of the employee. If an employer sent a new hiree with no experience or training to operate the machine, it would clearly be an intentional tort. It is less clear if the operator had previous training or experience. Here, appellant had worked in the industry for 16 years, nearly 7 of those years with Merrico. Appellant had been one of the persons sent to select the press and had set it up. Appellant had attached the foot pedal that he accidentally tripped to start the machine. The foot pedal was not affixed to the floor, but it did have a cover so the operator had to put his or her foot inside to trigger the press. The record shows appellant was no novice, and even though he was not an engineer, he had been trained and knew the basic safety procedures. Appellant was trusted by management to make repairs and decisions regarding the machinery. Appellant has access to the floor supervisor and an administrator.
 {¶ 14} In his deposition appellant repeatedly stated he knew a person should not put a hand into a press if it was turned on, and testified he performed regular maintenance on the presses, turning them off first. Appellant was asked if there was a shop rule the operators of the machines should turn off the machines if they left the machine, and appellant responded, "Preferably, yes." (Depo. At 63) Appellant stated he did not know if the supervisor had made all the operators aware of this rule, however, Id. When there was a problem appellant would see that they shut off the machine before he did anything to it, (Depo. at 107).
 {¶ 15} Appellant deposed on the day of the accident the operator of the press asked him to look at it because it was malfunctioning. Appellant testified when he walked up to the machine he assumed it was probably turned off because the guard was moved out of the way. (Depo. at 102). The operators of the machine kept the guard in place when they operated the machine, (Depo. at 84). Appellant did not double-check to make sure it was off because he assumed it had been shut off when the operator walked away, (Depo. at 104).
 {¶ 16} The employer could not know on this occasion both appellant and the operator of the press would neglect basic safety rules. Appellant's expert testified at length about the defects of the press, but could not state any of the defects were the proximate cause of appellant's injury. The proximate cause of the injury was appellant's failing to ensure the machine was deactivated, and then accidentally triggering the machine to cycle when his hand was in it. The record does not demonstrate lack of training was at fault, because appellant conceded he had been trained to turn off the machine before working on it. Nor does it appear the machine malfunctioned in any way because of failure to maintain it. Unfortunately, on this occasion, the machine worked properly. In other words, the employer here was probably remiss in its operation of the shop, but none of the defects or irregularities proximately caused this injury.
 {¶ 17} The Supreme Court has instructed us an employer's actions may be reckless or even wanton, yet not rise to the level of an intentional tort. We find the employer's actions do not constitute an intentional tort.
 {¶ 18} The assignment of error is overruled.
 {¶ 19} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County is affirmed.
Gwin, J. Boggins, P.J. concurs, Hoffman, J. dissents.