HAFLIGER, Appellant,

v.

TUSCARAWAS COUNTY CONVENTION AND VISITORS BUREAU, Appellee.

[Cite as *Hafliger v. Tuscarawas Cty. Convention & Visitors Bur.*, 180 Ohio App.3d 420, 2009-Ohio-101.]

Court of Appeals of Ohio,
Fifth District, Tuscarawas County.

No. 2008 AP 06 0040.

Decided Jan. 7, 2009.

John M. Prelac and Kevin R. Caudill, for appellant.

Craig G. Pelini and Raymond C. Mueller, for appellee.

Gwin, Presiding Judge.

{¶ 1} Plaintiff-appellant, Fred David Hafliger, appeals a summary judgment of the Court of Common Pleas of Tuscarawas County, Ohio, entered in favor of defendant-appellee, Tuscarawas County Convention and Visitors Bureau. Appellant assigns two errors to the trial court:

{¶ 2} "I. The trial court erred in failing to consider the reply brief in support of motion for summary judgment of plaintiff-appellant Fred David Hafliger when a stipulated briefing schedule was accepted and docketed by the court and plaintiff-appellant's reply brief was timely filed.

{¶ 3} "II. The trial court erred in granting the motion for summary judgment of defendant-appellee Tuscarawas County Convention and Visitors Bureau and overruling the motion for summary judgment of plaintiff-appellant Fred David Hafliger."

{¶ 4} Certain facts are undisputed. Appellant is the owner of property located at 130 East High Avenue in New Philadelphia, Ohio. Appellee owns the adjacent property. Both parties have buildings on their lots that share a common wall. Each of the buildings was three stories high, but in June 2003, appellee contracted Raeder Construction to remove the second and third floors of its building. Raeder Construction removed the three exterior walls of the second and third floors of the bureau's building, as well as the roof and the floor joists of the second and third floors. Raeder did not remove any part of the common wall on the fourth side of the bureau's building. Raeder then constructed a new roof over the remainder of appellee's building. Appellee concedes that after the remodeling project was completed, there were exposed pockets where the floor joists of the second and third floors had been.

{¶ 5} Appellant brought suit under theories of trespass and negligence, claiming that the renovation project had resulted in structural damage to his building, including damage to the party wall.

{¶ 6} Both parties filed motions for summary judgment, and on May 7, 2008, the trial court entered summary judgment in favor of appellee and dismissed appellant's complaint with prejudice.

## II

{¶ 7} Both parties cite *Zaras v. Findlay* (1960), 112 Ohio App. 367, 16 O.O.2d 306, 176 N.E.2d 451. In *Zaras,* the Court of Appeals for Hancock County reviewed a case similar to the one at bar. The court held: "The owner of one of such buildings [with a common wall] may, with suitable notice and using due and proper care to prevent injury to the other property, remove his portion of such wall in order to conform his improvements to the changes brought about by time in the value and availability of the property." Id. at 368, 16 O.O.2d 306, 176 N.E.2d 451.

{¶ 8} Appellant presented the affidavit and report of John W. Fenton, a professional engineer licensed and registered in the state of Ohio. Fenton stated that he inspected the property and found that the current condition of the

property has resulted, and will continue to result, in damages to the aesthetic and structural integrity of the building. Fenton found that the joist pockets that had formerly supported the top floor, ceiling, and roof joists of appellee's building are clearly visible, as are the pockets where appellee's front wall was stabilized by appellant's front wall. Fenton's examination showed that the roofing that had extended across both buildings was ripped off at appellee's side of the wall without regard for damage to appellant's building. Fenton also stated that the removal of the upper floors of appellee's building exposed brick, plaster, and joist pockets that were never intended to be exposed to the elements. He opined that it was the responsibility of those who ordered and executed the damaging exposure of appellant's building to restore the weather protection that the demolished structure had formerly provided.

{¶ 9} In his deposition, appellant stated that he learned the demolition work had begun when he drove by the property, and he had not been notified about the scheduled work in advance.

{¶ 10} Appellee argues that it did not remove any of the common wall, but rather, the surface that is exposed to the elements was once an interior wall in its building.

{¶ 11} Civ.R. 56 states:

{¶ 12} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

{¶ 13} A trial court should not enter a summary judgment if it appears that a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the nonmoving party, reasonable minds could draw different conclusions from the undisputed facts, *Hounshell v. Am. States Ins. Co.* (1981), 67 Ohio St.2d 427, 21 O.O.3d 267, 424 N.E.2d 311. The court may not resolve ambiguities in the evidence presented, *Inland Refuse Transfer Co. v. Browning–Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St.3d 321, 15 OBR 448, 474 N.E.2d 271. A fact is material if it affects the outcome of the case under the applicable

substantive law, *Russell v. Interim Personnel, Inc.* (1999), 135 Ohio App.3d 301, 733 N.E.2d 1186.

{¶ 14} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court, *Smiddy v. Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212. This means we review the matter de novo, *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 738 N.E.2d 1243.

{¶ 15} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim, *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. Once the moving party meets its initial burden, the burden shifts to the nonmoving party to set forth specific facts demonstrating that a genuine issue of material fact does exist, id. The nonmoving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary material showing a genuine dispute over material facts, *Henkle v. Henkle* (1991), 75 Ohio App.3d 732, 600 N.E.2d 791.

{¶ 16} We find that appellant came forward with evidence demonstrating that appellee had not provided advance notice, nor had it used due and proper care to prevent injury to appellant's property. We find that there are genuine issues of material fact presented by the within.

{¶ 17} The second assignment of error is sustained.

## I

{¶ 18} In his first assignment of error, appellant urges that the trial court did not review his reply brief before entering summary judgment on behalf of appellee. The trial court did not include it in the list of documents it reviewed.

{¶ 19} In light of our ruling in II, this assignment of error is moot.

{¶ 20} For the foregoing reasons, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accordance with law and consistent with this opinion.

Judgment reversed
and cause remanded.

WISE and DELANEY, JJ., concur.