[Cite as *Alliance v. Baker,* 195 Ohio App.3d 186, 2011-Ohio-3810]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


CITY OF ALLIANCE ET AL.,

        Appellees and
        Cross-Appellants.

v.

BAKER ET AL.,

        Appellants and
        Cross-Appellees.

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. John W. Wise, J.
Hon. Julie A. Edwards, J.




Case No. 2010-CA-00324



O P I N I O N



| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil appeal from the Stark County Court of Common Pleas, Case No. 2010CV1582 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | August 1, 2011 |

APPEARANCES:

| | |
|---|---|
| Robert R. Hunter Jr., | Robert Cyperski and James R. Vaughn, |
| for appellees. | for appellants. |

Gwin, Presiding Judge.

**{¶1}** Defendants-appellants, Del R. Baker, D&K Properties, D&K Properties L.L.C., and D&K Capital Investments L.L.C., appeal a judgment of the Court of Common Pleas of Stark County, Ohio. Plaintiffs-appellees, the city of Alliance; William T. Hawley, the city zoning inspector; William Robinson Jr., the city housing inspector; Randall M. Flint, the city health commissioner; and Guy Aumend, the city fire inspector, have filed a cross-appeal from the same judgment. Appellants-cross-appellees assign a single error:

**{¶2}** "I. The trial court erred in reaching the decision that the appellants must pay eighty percent of the demolition costs of 544 East Main Street and the appellees must pay twenty percent of the demolition costs, because the cost splitting is not supported by the law and is an arbitrary determination by the court."

**{¶3}** Appellees-cross-appellants also assign a single error:

**{¶4}** "I. The trial court erred in reaching the decision that the appellees must pay any demolition costs because cost splitting is not valid."

**{¶5}** Both assigned errors raise the same issue: whether the court erred in splitting the cost of demolition between the parties as it did. For the reasons that follow, we find that the court did not abuse its discretion.

**{¶6}** The record indicates that appellants acquired title to a parcel of real estate at 544 East Main Street on or about January 23, 2009. On the property was a building known as the "dry-cleaner" property. Prior to 1979, there was a building on the parcel abutting the dry-cleaner property to the east (the "parking lot"). This building shared a common wall with the dry-cleaner building. However, in 1979, the adjacent building was demolished, leaving the common wall standing. The common wall was then attached only to the dry-cleaner building, but was actually situated on the parking-lot property, not on the dry-cleaner lot.

**{¶7}** Appellees' predecessor-in-interest installed blue-ribbed metal siding on the common wall, presumably to strengthen it and protect it from damage. In 1994, the city of Alliance acquired the lot and converted it to a parking lot. The common wall has deteriorated, and both parties agree that the dry-cleaner property has become a hazard and must be repaired or demolished because it poses an imminent risk.

**{¶8}** Appellants argue that when the dry-cleaner building was first erected, it was built between buildings on either side and shared a side wall with each. Appellants argue that their dry-cleaner building was dependent upon the pre-existing buildings east and west of it for its structural integrity, and demolition of the building on the parking lot impaired the structural integrity of the dry-cleaner building and created the hazard.

**{¶9}** Appellant Baker testified that a surveyor surveyed his property and found that the wall in question was not on his property. Baker testified that he believed it was against the law for him to repair the wall because it did not belong to him.

**{¶10}** Appellees' cross-appeal argues that when the city acquired the parking lot, it was already vacant, and the city never had any common-law obligation to maintain the

common wall. Appellees urge that because appellants knew of the problem with the east wall prior to purchasing the dry-cleaner property in 2009, they had assumed any loss caused by what proved to be a poor business decision.

{¶11} The trial court correctly found that each party to a common wall owes a duty to the other party to maintain the common wall and not take any action to damage the integrity of the other party's portion of the common wall.

{¶12} In *Halflinger v. Tuscarawas Cty. Convention & Visitors Bur.,* 180 Ohio App.3d 420, 2009-Ohio-101, 905 N.E.2d 720, this court reviewed a situation in which as part of remodeling and renovating, a business removed the upper floors of its building, which shared a wall with the adjacent building. While the business did not remove any part of the common wall, when its project was completed, there were exposed pockets where the floor joists of the second and third floors had connected to the common wall. The common wall had formerly been under a roof, but the upper portion was now exposed to the elements. We cited *Zaras v. Findlay* (1960), 112 Ohio App. 367, 176 N.E.2d 451, which held that the owner of a building with a common wall, with suitable notice and using due and proper care to prevent injury to the other property, may remove his portion of the wall or make changes in his own building. Id. at 368. In *Haflinger*, we held that reasonable minds could differ on the questions of advance notice and whether the property owner had used due and proper care to prevent injury to its neighbor. Id. at ¶ 9.

{¶13} The trial court held, "Rather than engaging in an exercise of attempting to ascertain how many pieces of rubble fall on the property to the east of 544 East Main Street, versus the rubble to be removed from 544 East Main Street, the court finds

eighty percent (80%) of the demolition costs should be borne by the owner of the property at 544 East Main Street and twenty percent (20%) of the demolition cost by the owner of the property to the east of 544 East Main Street."

**{¶14}** A suit to abate a nuisance sounds in equity. *State ex rel. Spies v. Lent*, Tuscarawas App. No. 2008AP050033, 2009-Ohio-3844, at ¶ 99, citing R.C. 3767.03. It is clear to this court that the trial court invoked its equitable authority to determine that neither property owner should bear the full cost of the demolition. Appellants own a higher portion of the building to be demolished, and the court calculated their equitable share as 80 percent.

**{¶15}** We review a trial court's exercise of its equitable authority using the abuse-of-discretion standard. *Sandusky Properties v. Aveni* (1984), 15 Ohio St.3d 273, 274-275, 473 N.E.2d 798. A court's judgment will not be reversed on appeal unless it was arbitrary, unreasonable, or unconscionable. Id.

**{¶16}** We find that the trial court did not abuse its discretion in determining that appellants should be responsible for 80 percent of the cost of demolition of the entire building, including the wall, and appellees should pay the remaining 20 percent.

**{¶17}** The assignment of error is overruled; the cross-assignment of error is overruled.

**{¶18}** For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Judgment affirmed.

Wise and Edwards, JJ., concur.

[Cite as *Alliance v. Baker,* 195 Ohio App.3d 186, 2011-Ohio-3810]